**DELTEC, INC., Plaintiff-Appellant,**

v.

**Floyd H. LASTER, Floyd J. Moltchan and Webster B. Harpman, Defendants-Appellees.**

No. 15168.

United States Court of Appeals
Sixth Circuit.

Jan. 20, 1964.

Francis J. Klempay, Youngstown, Ohio, for appellant.

Jack C. Harris and Fred C. Lanz, Wilson & Wyatt, Youngstown, Ohio, for Floyd H. Laster and Floyd J. Moltchan.

Frank P. Anzellotti, Youngstown, Ohio, for Webster B. Harpman.

Before MILLER and WEICK, Circuit Judges, and DARR, Senior District Judge.

PER CURIAM.

This appeal is from an order of the District Court granting defendants' motion to dismiss the complaint on the ground that it did not state a claim upon which relief could be granted.

The complaint charged the defendants with a conspiracy to violate the anti-trust and patent laws. 15 U.S.C. § 15 and 28 U.S.C. § 1338. It alleged six acts of defendants in support thereof, namely: (1) the filing in the Patent Office by Floyd Laster of a spurious patent application covering design features of the plaintiff's products; (2) the dissemination to plaintiff's dealers, distributors, suppliers, business associates, employees and potential purchasers of plaintiff's products with false information pertaining to the contractual and patent rights of the plaintiff, thus preventing the marketing of plaintiff's products; (3) the filing in the Patent Office of a false affidavit by the defendant Floyd Moltchan disclaiming inventorship in a pending patent application; (4) the surreptitious obtaining of plaintiff's drawings, bills of materials, engineering and manufacturing records and threatening to make this information available to other manufacturers who could then compete unfairly with the plaintiff; the filing and prosecution of two unwarranted suits for damages in the Court of Common Pleas, Mahoning County, Ohio, one of the suits being filed by Laster and the other filed by Moltchan; (6) the prosecuting of an interference proceeding in the Patent Office knowing that the Laster application and the Moltchan disclaimer affidavit were both false.

The complaint further alleged:

"7. Plaintiff is rapidly approaching serious financial difficulty which can be alleviated and possibly avoided altogether by the outright sale of its trencher development project, and while there is a market for this asset, plaintiff finds it impossible to effect any sale because of the existence of the above mentioned interference proceedings in the Patent Office and of defendants' widespread claims based thereon. Plaintiff will suffer further very serious losses unless it can dispose of this asset very promptly."

The prayer of the complaint was for the recovery of treble damages for vio-lation of the anti-trust laws and "[t]hat the defendants be ordered to withdraw and abandon the aforesaid Laster U. S. Patent application referred to above, to terminate the above mentioned interference proceedings, and to retract the above mentioned Moltchan 'disclaimer' affidavit."

The controversy between the parties related to an invention known as a "Ditcher Attachment for Farm-Type Tractors." The plaintiff and the defendant Laster had applications for patent for the ditcher attachment pending in the Patent Office at the same time. The Patent Office declared an interference which had not been heard and determined at the time the present appeal was submitted to this Court. We are advised that the Patent Office has since ruled in favor of the defendant Laster and awarded priority of invention to him. Plaintiff has filed an action in the District Court to determine the priority of invention pursuant to 35 U.S.C. § 146. This case is pending and has not yet been tried.

■■ In our judgment, the present action was prematurely brought. The Patent Office had exclusive jurisdiction to hear and determine the interference proceeding. Plaintiff had an adequate remedy, which it invoked, under the provisions of 35 U.S.C. § 146 to review the decision of the Patent Office in awarding priority of invention to Laster. In the action under 35 U.S.C. § 146, the Court may determine the questions relating to the applications for patent which plaintiff attempted to litigate in the present action.

■ Furthermore, if Laster has a valid patent, the anti-trust laws would not be violated by notices sent to plaintiff's customers informing them of Laster's patent rights. International Visible Systems Corp. v. Remington-Rand, Inc., 65 F.2d 540, 542 (C.A.6); Cf. Kobe, Inc. v. Dempsey Pump Co., 198 F.2d 416, 425 (C.A.10) and Morny v. Western Union Telegraph Co., 40 F.Supp. 193, 201 (S.D N.Y.).

■ The District Court lacked jurisdiction of plaintiff's action for unfair competition because there was no diversity of citizenship. All of the parties were citizens of Ohio.

The judgment of the District Court is affirmed.