[Civ. No. 45463. Second Dist., Div. Four. Sept. 26, 1975.]

WENDELL S. MILLER, Plaintiff and Appellant, v.
JAMES W. LUCAS et al., Defendants and Respondents.

## COUNSEL

Nilsson, Robbins, Bissell, Dalgarn & Berliner, Lewis M. Dalgarn and Shelley Mercer for Plaintiff and Appellant.

Latham & Watkins, Philip F. Belleville, Jill S. Slater, Griffin, Branigan & Butler and Alan E. J. Branigan for Defendants and Respondents.

## OPINION

**KINGSLEY, Acting P. J.**—Wendell Miller is appealing from an order (Code Civ. Proc., § 581d) dismissing plaintiff's action entered after the demurrer of defendants James Lucas and Bell & Howell Company to plaintiff's second amended complaint was sustained without leave to amend. The original complaint was filed March 20, 1972; it was amended twice and on April 25, 1975, the judge sustained the demurrer to each of plaintiff's nine tort causes of action on the ground that the court lacked subject matter jurisdiction. The nine tort causes of action

are for: (1) malicious prosecution; (2) abuse of process; (3) interference with prospective business interests; (4) injury to professional reputation; (5) slander of title; (6) actual fraud; (7) constructive fraud; (8) fraudulent inducement of breach of contract; and (9) conspiracy.

In May 1966, plaintiff was issued a patent for a certain invention. In October 1966 the defendants filed a patent application in the United States Patent Office and the application contained 15 claims copied from plaintiff's patent. In June 1969 the patent office declared an interference between one of the 15 claims in Lucas' patent application and the corresponding claim in the plaintiff's patent. The defendants are alleged to have filed a motion to amend the interference to include therein the other 14 copied claims, but the patent office denied this motion. The patent interference proceedings are still pending, and the court below took judicial notice of those proceedings.

I

Appellant's first argument is that the court erred in dismissing the complaint for want of subject matter jurisdiction. In ruling on the demurrer the court said that "an exercise of jurisdiction runs contrary to the express and exclusive power over patents granted to the Congress by the United States Constitution and the various acts of Congress which have reserved all matters regarding patents, whether substantive or procedural, exclusively to agencies of the federal government (Title 35 of the U.S. Code) or to the exclusive jurisdiction of the federal courts (28 U.S.C. § 1338(a))—including what penalties, if any, should be imposed for misuse of the patent procedure."

■ Although the federal district courts have exclusive jurisdiction in patent and copyright cases (28 U.S.C. § 1338(a)), "every action that involves, no matter how incidentally, a United States Patent is not for that reason governed exclusively by federal law." (*Farmland Irrigation Co.* v. *Dopplmaier* (1957) 48 Cal.2d 208 [308 P.2d 732].) Patent matters primarily concerned with either consensual relations or tortious wrong-doing may be tried in state courts and where such a suit is brought, validity of a patent or its infringement may properly be considered by a state court. (*Leesona Corporation* v. *Concordia Mfg. Co.* (1970) 312 F.Supp. 392.) Jurisdiction of the state court founded on contract or tort is not defeated because the existence, validity or construction of a patent may be involved. (*Respro. Inc.* v. *Worcester Backing Co., Inc.* (1935) 291 Mass. 467 [197 N.E. 198].) An aggrieved competitor can sue for damages

in the state court for trade libel and unfair competition (*American Well Works Co.* v. *Layne & Bowler Co.* (1916) 241 U.S. 257 [60 L.Ed. 987, 36 S.Ct. 585]) and a tort claim for deceit in the sale of patent rights is controlled by state law. (*David* v. *Park* (1870) 103 Mass. 501.) State law also controls claims that plaintiff was fraudulently induced to forego asserting patent rights (*American Securit Co.* v. *Shatterproof Glass Corp.* (1958) 166 F.Supp. 813 (questioned in 297 F.Supp. 275)) and state law controls a claim for wrongfully delaying issuance of a patent by the patent office. (*Zalkind* v. *Scheinman* (2d Cir. 1943) 139 F.2d 895.)

Thus, there is broad state jurisdiction over matters affecting patents, the "Supreme Court has clearly blessed such state power," (56 Minn.L. Rev. at p. 320) and the federal courts have shown a clear lack of concern with state adjudication of such matters. (56 Minn.L.Rev. at p. 322 (1971-1972) [Cooper, *State Law of Patent Exploitation,* 56 Minn.L.Rev. 313].) The federal courts have exclusive jurisdiction only over cases arising under the federal patent laws and not over patent questions. The state courts are said to be fully competent to adjudicate patent questions that come before them in contract, property and tort cases so long as the case itself does not arise under the patent laws. (Chisum, 46 Wash.L.Rev. 633, at pp. 655, 658 (1970-1971).)

■ However, we conclude that, in the case at bench, the trial court was right in sustaining defendants' demurrer on the ground stated. In spite of the prolix allegations in the second amended complaint, the only act alleged against the defendants is the filing in the patent office by defendant Lucas of applications that conflict with, and cast doubt upon, the patent heretofore issued to plaintiff. Those proceedings in that form are, as yet, unresolved. The issues therein before the patent office involve issues of fact and law that underlie the contentions here urged by plaintiff. If defendant Lucas ultimately prevails before the patent office and on any appeal from that decision, he has done nothing other than to enforce, in the proper forum, his rights under the patent laws and it would become irrelevant that he interfered with plaintiff's enjoyment of any patent.

In *Grob* v. *Continental Machine Specialties* (1939) 204 Minn. 450 [283 N.W. 774], the plaintiff sued making allegations substantially similar to those before us in the case at bench.[1] The Minnesota court said (at p. 778

[1]We recognize that, in *Grob,* neither party had been granted a patent. We do not regard that as a material difference; in both *Grob* and the case at bench, it is for the patent proceedings to determine which party will ultimately end up with a valid patent.

of 283 N.W.): ". . . it would therefore seem clear that the substantial rights of the parties to this cause are now pending before the only authority where such matters appropriately may be determined. If we strike from the complaint all matters with respect to the conflicting rights of the parties as to fact issues now pending and undetermined before the patent office, what is left upon which to found liability against defendants? Let us suppose this case were to go on trial and that plaintiffs recover; suppose further that before that judgment becomes final one of defendants is found to be the patentee; and that fact is shown to the trial court by way of supplemental answer, what would be the result? Obviously, we think, plaintiffs' cause would fail.

"Jurisdiction to determine the primary rights upon which plaintiffs must rely for recovery being properly and exclusively before another tribunal prevents our interference under well settled law."

And, in a similar case, the Court of Appeals for the Sixth Circuit said: "In our judgment, the present action was prematurely brought. The Patent Office had exclusive jurisdiction to hear and determine the interference proceeding. Plaintiff had an adequate remedy, which it invoked, under the provisions of 35 U.S.C. § 146 to review the decision of the Patent Office in awarding priority of invention to Laster. In the action under 35 U.S.C. § 146, the Court may determine the questions relating to the applications for patent which plaintiff attempted to litigate in the present action." (*Deltec, Inc.* v. *Laster* (6th Cir. 1964) 326 F.2d 443, 444.)

Since plaintiff's action, thus, is at best premature, we need not, on this appeal, discuss whether, if Lucas should ultimately lose in his patent application proceedings, plaintiff could then maintain a state action for any of the alleged torts his present action seeks to redress.

The judgment is affirmed.

Dunn, J., and Jefferson, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.