[No. B151826. Second Dist., Div. Four. June 28, 2002.]

MATTEL, INC., Plaintiff and Respondent, v.
LUCE, FORWARD, HAMILTON & SCRIPPS et al., Defendants and
Appellants.

1180

COUNSEL

Jeffer, Mangels, Butler & Marmaro, Marc Marmaro and Robert P. Baker for Defendant and Appellant Luce, Forward, Hamilton & Scripps.

White, O'Connor, Curry, Giatti & Avanzado, Lee S. Brenner, Carl R. Benedetti and James E. Curry for Defendant and Appellant James B. Hicks.

Quinn, Emanuel, Urquhart, Oliver & Hedges, Edith Ramirez, Michael T. Zeller and Adrian M. Pruetz for Plaintiff and Respondent.

OPINION

**HASTINGS, J.**—This action for malicious prosecution was filed by plaintiff/respondent Mattel, Inc., following entry of a judgment in favor of respondent against Harry R. Christian, plaintiff in an action for trademark

infringement against respondent filed in the United States District Court, Central District of California, case No. CV 99-2820 NM (BQRx). Respondents Luce, Forward, Hamilton & Scripps, a limited liability partnership, and James B. Hicks, a former partner of Luce, Forward represented Hicks in the district court and are named as defendants in this action, but Christian is not.

Appellants filed a special motion to strike the complaint pursuant to Code of Civil Procedure section 425.16.[1] The motion was denied when the trial court concluded that respondent presented sufficient evidence to establish a probability of prevailing on the action. It temporarily stayed proceedings when appellants filed a timely appeal, but later ordered the stay vacated and set a trial date. We stayed the trial court proceedings, set a hearing on a petition for supersedeas and ordered the appeal set for hearing immediately.

We conclude that this action for malicious prosecution qualifies for treatment under section 425.16; that the trial court did not err in finding that respondent demonstrated a probability of prevailing on the action; and that perfection of the appeal from denial of the special motion to strike automatically stayed proceedings in the trial court pending outcome of the appeal.

### SUMMARY OF FACTS

A summary of the tenor and background of this action is set out in the recent opinion from the Ninth Circuit Court of Appeals addressing an appeal by Hicks from an award of sanctions levied against him in the underlying action: *Christian v. Mattel, Inc.* (9th Cir. 2002) 286 F.3d 1118:

"It is difficult to imagine that the Barbie doll, so perfect in her sculpture and presentation, and so comfortable in every setting, from 'California girl' to 'Chief Executive Officer Barbie,' could spawn such acrimonious litigation and such egregious conduct on the part of her challenger. In her wildest dreams, Barbie could not have imagined herself in the middle of Rule 11 proceedings. But the intersection of copyrights on Barbie sculptures and the scope of Rule 11 is precisely what defines this case.

"James Hicks appeals from a district court order requiring him, pursuant to Federal Rule of Civil Procedure 11, to pay Mattel, Inc. $501,565 in attorneys' fees that it incurred in defending against what the district court determined to be a frivolous action. Hicks brought suit on behalf of Harry Christian, claiming that Mattel's Barbie dolls infringed Christian's Claudene doll sculpture copyright. In its sanctions orders, the district court found that

---

[1] All further statutory references are to this code unless otherwise noted.

Hicks should have discovered prior to commencing the civil action that Mattel's dolls could not have infringed Christian's copyright because, among other things, the Mattel dolls had been created well prior to the Claudene doll and the Mattel dolls had clearly visible copyright notices on their heads. After determining that Hicks had behaved 'boorishly' during discovery and had a lengthy rap sheet of prior litigation misconduct, the district court imposed sanctions." (*Christian v. Mattel, Inc., supra*, 286 F.3d at p. 1121.)

The Ninth Circuit affirmed the finding of the trial court that Hicks had " 'filed a case without factual foundation' " (*Christian v. Mattel, Inc., supra*, 286 F.3d at p. 1129) and concluded that "the district court did not abuse its discretion by ruling that the complaint was frivolous." (*Ibid.*) But it remanded the matter to the trial court for review of the amount of sanctions awarded and for an opportunity "to delineate the factual and legal basis for its sanctions orders." (*Id.* at p. 1131.)

Predictably, after resolution of the underlying action, this action for malicious prosecution was filed against appellants.

Appellants filed a special motion to strike pursuant to section 425.16. The thrust of the motion was that respondent would not be able to prevail on its claim for malicious prosecution because the underlying action had ultimately been concluded between respondent and Christian by a settlement, which, it argued, did not qualify as a final termination favorable to respondent.

Respondent opposed the motion. It presented evidence that various "other" claims between Christian and respondent, not connected to the underlying Christian copyright infringement action, which was the subject of the Ninth Circuit opinion, had been resolved by settlement. But not the underlying Christian copyright infringement claim. Rather, judgment had been entered in favor of respondent and against Christian on that claim resulting from the grant of summary judgment. The various district court documents evidencing the judgment and findings in connection with the rule 11 (Fed. Rules Civ. Proc., rule 11, 28 U.S.C.) proceedings against Hicks, referenced above, were also presented to the trial court in opposition.

The trial court denied the special motion to strike and appellants filed a timely notice of appeal. Appellants also obtained an order from the trial court staying proceedings in the trial court pending outcome of the appeal.

The trial court conducted a status conference on March 21, 2002. It ordered that the stay be vacated in its entirety, but delayed the effective date

of the order to April 22, 2002, to allow appellants time to seek review from us. It also set a trial date of January 13, 2003.

Appellants immediately filed petitions for writ of supersedeas or in the alternative for a stay of trial court proceedings pending outcome of the appeal. We granted the stay, requested opposition, and then set a hearing on the petition for writ of supersedeas for June 14, 2002. Noting that briefing on the appeal would be concluded with filing of the reply brief no later than May 28, we ordered that no requests for extensions would be granted and set the appeal for hearing on the same date.

Further facts will be presented in addressing the issues.

DISCUSSION

1. *Federal Preemption of Appellants' Action*

On appeal, appellant Luce, Forward raises an argument not presented to the trial court: "[Respondent's] malicious prosecution complaint is predicated on the filing and prosecution of The Underlying Federal Lawsuit, a copyright infringement action brought in federal court pursuant to exclusive federal jurisdiction under the Copyright Act, 17 U.S.C. § 101. . . . Accordingly, [respondent's] malicious prosecution action is preempted by federal law because The Underlying Federal Lawsuit could *only* have been brought in federal court and because federal remedies exist for the wrongful filing and maintenance of copyright infringement actions. *Idell v. Goodman* (1990) 224 Cal.App.3d 262, 271, fn. 3 [273 Cal.Rptr. 605], *Gonzales v. Parks* (9th Cir. 1987) 830 F.2d 1033, 1035. Therefore, the state court lacks subject matter jurisdiction over this action, which should now be dismissed." We disagree.

Title 28 United States Code section 1338(a) states: "The district courts shall have original jurisdiction of any civil action *arising under* any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." (Italics added.)

The action against Luce, Forward is a tort claim "arising under" the common law of California, it is not a claim "arising under" the federal Copyright Act. That action has already been concluded in favor of respondent, one of the essential elements of the common law claim for malicious prosecution.

■ A similar argument was made and rejected in *Miller v. Lucas* (1975) 51 Cal.App.3d 774 [124 Cal.Rptr. 500] in connection with nine tort claims, one of which was malicious prosecution, based on interference with plaintiff's rights in a patent. The Court of Appeal concluded the trial court erred when it sustained a demurrer on the ground of preemption, although it affirmed the trial court on another ground. In connection with the preemption argument, the court stated:

"Although the federal district courts have exclusive jurisdiction in patent and copyright cases (28 U.S.C. § 1338(a)), 'every action that involves, no matter how incidentally, a United States Patent is not for that reason governed exclusively by federal law.' (*Farmland Irrigation Co.* v. *Dopplmaier* (1957) 48 Cal.2d 208 [308 P.2d 732, 66 A.L.R.2d 590].) Patent matters primarily concerned with either consensual relations or tortious wrongdoing may be tried in state courts and where such a suit is brought, validity of a patent or its infringement may properly be considered by a state court. [Citation.] Jurisdiction of the state court founded on contract or tort is not defeated because the existence, validity or construction of a patent may be involved. [Citation.] An aggrieved competitor can sue for damages in the state court for trade libel and unfair competition [citation] and a tort claim for deceit in the sale of patent rights is controlled by state law. [Citation.] State law also controls claims that plaintiff was fraudulently induced to forego asserting patent rights [citation] and state law controls a claim for wrongfully delaying issuance of a patent by the patent office. [Citation.]

"Thus, there is broad state jurisdiction over matters affecting patents, the 'Supreme Court has clearly blessed such state power,' [citation] and the federal courts have shown a clear lack of concern with state adjudication of such matters. [Citation.] The federal courts have exclusive jurisdiction only over cases arising under the federal patent laws and not over patent questions. The state courts are said to be fully competent to adjudicate patent questions that come before them in contract, property and tort cases so long as the case itself does not arise under the patent laws. [Citation.]" (*Miller v. Lucas, supra,* 51 Cal.App.3d at pp. 776-777.)

The cases relied upon by Luce, Forward each deal with state claims for malicious prosecution and abuse of process based upon pending bankruptcy filings, a distinction with significance as explained by the Ninth Circuit in *MSR Exploration, Ltd. v. Meridian Oil, Inc.* (9th Cir. 1996) 74 F.3d 910, 915: "It is true that in many circumstances state courts can, and do, resolve questions of federal law 'with no difficulty.' [Citation.] Nevertheless,

the unique, historical, and even constitutional need for uniformity in the administration of the bankruptcy laws is another indication that Congress wished to leave the regulation of parties before the bankruptcy court in the hands of the federal courts alone. Of course, Congress did provide a number of remedies designed to preclude the misuse of the bankruptcy process. [Citations.] That, too, suggests that Congress has considered the need to deter misuse of the process and has not merely overlooked the creation of additional deterrents. [Citations.]"

The same court has recognized that the scope of preemption for claims based on patents or copyrights is not so broad: "Long before the enactment of the Federal Declaratory Judgments Act the Supreme Court had established two correlative rules relating to jurisdiction in patent matters. The first is that a case is within the exclusive federal jurisdiction when it seeks to enforce a patent against an infringer, even though the complaint may show, in anticipation of a defense, the existence of an agreement between the parties relating to the patent. The second is that if the suit is to enforce or to revoke a patent licensing or other similar agreement, it 'is not a suit under the patent laws of the United States, and cannot be maintained in a federal court as such.' [Citations.] It follows, and the Court has held in *Pratt* [*v. Paris Gaslight & Coke Co.* (1897) 168 U.S. 255 [18 S.Ct. 62, 42 L.Ed. 458]] and in *Becher* [*v. Contoure Labs. Inc.* (1929) 279 U.S. 388 [49 S.Ct. 356, 73 L.Ed. 752]], that in an action in a state court based upon such an agreement, the state court can, where it becomes necessary for it to do so in order to decide the case before it, pass upon the meaning, the scope, the validity, or the infringement of the patent. As the court said in *Pratt*: 'Section 711 does not deprive the state courts of the power to determine questions arising under the patent laws, *but only of assuming jurisdiction of "cases" arising under those laws.*' [Citation.]" (*Lear Siegler, Inc. v. Adkins* (9th Cir. 1964) 330 F.2d 595, 599-600, fn. omitted, italics added.)

█ In short, respondent's action is not preempted by federal law.

2. *Section 425.16, Generally*

█ In 1992, the Legislature enacted section 425.16 in response to its perception "that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a); *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 817 [33 Cal.Rptr.2d 446].) Such lawsuits have earned the acronym SLAPP, which stands for

"strategic lawsuits against public participation." (*Wilcox v. Superior Court*, *supra*, 27 Cal.App.4th at p. 813.)

Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." The term "person" includes a corporation. (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 862-863 [44 Cal.Rptr.2d 46].)

The moving party has the initial burden of establishing that the action challenged qualifies for treatment under section 425.16. (*Paul for Council v. Hanyecz* (2001) 85 Cal.App.4th 1356, 1365 [102 Cal.Rptr.2d 864].) Subdivision (e) describes four specific types of activity that so qualify, the first of which is pertinent here: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." This language contemplates the filing and prosecution of a lawsuit. "It is well established that filing a lawsuit is an exercise of a party's constitutional right of petition. [Citations.] ' " '[T]he constitutional right to petition . . . includes the basic act of filing litigation or otherwise seeking administrative action.' " ' [Citations.] Further, the filing of a judicial complaint satisfies the 'in connection with a public issue' component of section 425.16, subdivision (b)(1) because it pertains to an official proceeding. [Citations.]" (*Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087 [114 Cal.Rptr.2d 825].) It follows that "a cause of action arising from a defendant's alleged improper filing of a lawsuit may appropriately be the subject of a section 425.16 motion to strike. [Citation.]" (*Id.* at p. 1087.)

When the moving party establishes that the action qualifies for treatment under section 425.16, the burden shifts to the plaintiff to demonstrate the "probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) The process the court uses in determining the merits of the motion is similar to the process used in approaching summary judgment motions. The evidence presented must be admissible (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 654 [49 Cal.Rptr.2d 620]) and the trial court does not weigh the evidence. (*Paul for City Council v. Hanyecz, supra*, 85 Cal.App.4th at p. 1365.) Rather, a probability of prevailing is established if the plaintiff presents evidence establishing a prima facie case which, if believed by the trier of fact, will result in a judgment for the plaintiff. (*Ibid.*)

If the plaintiff meets its burden the motion must be denied. (*M.G. v. Time Warner, Inc.* (2001) 89 Cal.App.4th 623, 627 [107 Cal.Rptr.2d 504]; *Dixon v. Superior Court* (1994) 30 Cal.App.4th 733, 745-746 [36 Cal.Rptr.2d 687].)

Subdivision (j) of section 425.16 provides for an immediate appeal pursuant to section 904.1 from an "order granting or denying a special motion to strike."

### 3.  *The Automatic Stay of Section 916*

The trial court initially issued an order staying the action after it denied the special motion to strike, but later vacated it with the intent to proceed to trial. We entertained and scheduled for hearing appellants' petition for supersedeas because no reported case has yet directly addressed whether an automatic stay results when the moving party appeals from denial of a special motion to strike.

Section 916, subdivision (a) states: "Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810 [none of which are applicable], the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

The effect of section 916 is described in *Gold v. Superior Court* (1970) 3 Cal.3d 275, 280 [90 Cal.Rptr. 161, 475 P.2d 193]: " 'Generally speaking, the taking of an appeal deprives the trial court of jurisdiction of the cause.' [Citation.] In some instances the mere perfecting of an appeal stays the proceedings in the trial court upon the order or judgment appealed from. [(Citing § 916, among other authorities.)]"

In enacting section 425.16, it was the intent of the Legislature to provide for an early resolution of the special motion to strike in aid of vindicating an appropriate exercise of free speech rights of defendants. (*Dixon v. Superior Court, supra,* 30 Cal.App.4th at p. 741.) Thus, the motion may be filed within 60 days from service of the initial action and it must be heard no later than 30 days from notice of the hearing unless the docket conditions of the court require a later hearing. (§ 425.16, subd. (f).) Discovery is also stayed until notice of entry of the order ruling on the motion, unless the court "on

noticed motion and for good cause shown, . . . order[s] that specified discovery be conducted." (§ 425.16, subd. (g).) Further discovery should be limited to the issues raised in the special motion to strike. (*Sipple v. Foundation for Nat. Progress* (1999) 71 Cal.App.4th 226, 247 [83 Cal.Rptr.2d 677].) In other words, not only did the Legislature desire early resolution to minimize the potential costs of protracted litigation, it also sought to protect defendants from the burden of traditional discovery pending resolution of the motion.

Here, the language significant within section 916 for purposes of our discussion is the phrase "upon the matters embraced therein or affected thereby." The special motion to strike was directed to the only cause of action asserted, malicious prosecution, and challenged its legal viability. That is also the focus on appeal. It follows that the appeal embraces the entirety of the action and the automatic stay is triggered. Thus, the trial court was divested of jurisdiction upon perfection of the appeal and it acted in excess of jurisdiction by setting a trial date.

### 4. *The Merits of the Malicious Prosecution Claim*

A claim for malicious prosecution is established by showing that the action was (1) commenced by or at the direction of defendant and was pursued to a legal termination in favor of the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice. (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].)

Appellants' motions were directed at the first element, favorable legal termination. The necessary focus on this element is whether the plaintiff has prevailed on the merits of the underlying claim: "It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits. However, termination must *reflect* on the merits of the underlying action. [Citation.]" (*Lackner v. LaCroix* (1979) 25 Cal.3d 747, 750 [159 Cal.Rptr. 693, 602 P.2d 393].)

The rationale and its application are explained in *Minasian v. Sapse* (1978) 80 Cal.App.3d 823, 826 [145 Cal.Rptr. 829]: " 'The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort, that is, the malicious and

unfounded charge . . . against an innocent person. If the accused were actually convicted, the presumption of his guilt or of probable cause for the charge would be so strong as to render wholly improper any action against the instigator of the charge.' [Citation.] '[I]t is now the well-established rule that a verdict or final determination upon the merits of the malicious civil suit or criminal prosecution complained of is not necessary to the maintenance of an action for malicious prosecution, but that it is sufficient to show that the former proceeding had been *legally terminated.*' (Original italics.) [Citations.] Of course where the termination of the former proceeding is not on the merits it is somewhat more difficult to ascertain whether it indicates the innocence of the defendant in the action. Nevertheless, the theory is the same in testing a dismissal or other termination without a trial on the merits. *'If it is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement.* If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination.' [Citation.]" (Italics added, fn. omitted.)

Appellants argue that respondent cannot meet this requirement because Christian terminated the underlying litigation by settlement, citing various cases standing for that proposition. While the concept recognized in those cases is valid, it has no application to the facts of this case. Summary judgment was granted in favor of respondent and against Christian on the merits of the underlying claim for copyright infringement and judgment was ultimately entered based on that determination. At the same time, the trial court issued rule 11 (Fed. Rules Civ. Proc., rule 11, 28 U.S.C.) sanctions against Hicks and made a finding that "[Christian's] counsel has filed a meritless claim against [respondent]." The fact that Christian ultimately resolved *his* participation in the underlying action does not alter the fact that judgment on the merits was entered in favor of respondent or change the finding, now affirmed on appeal, that Hicks prosecuted a meritless claim. (*Christian v. Mattel, Inc., supra,* 286 F.3d 1118.)

The findings made in connection with the rule 11 (Fed. Rules Civ. Proc., rule 11, 28 U.S.C.) sanctions, the appropriate subject of judicial notice requested of the trial court (Evid. Code, § 451, subd. (a)), are evidence that the underlying action was filed without probable cause. Malice may be inferred from the lack of probable cause. (*Weaver v. Superior Court* (1979) 95 Cal.App.3d 166, 192-193 [156 Cal.Rptr. 745], disapproved on other grounds in *Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 882-883 [254 Cal.Rptr. 336, 765 P.2d 498].)

We conclude that respondent presented sufficient evidence to establish a probability of prevailing on the cause of action for malicious prosecution.

## DISPOSITION

The order denying the special motion to strike is affirmed. Respondent is awarded costs on appeal.

Epstein, Acting P. J., and Curry, J., concurred.