**Stephen J. BARRETT, M.D.,**
**Plaintiff—Appellant,**

v.

**Carlos F. NEGRETE; et al.,**
**Defendants—Appellees.**

No. 03–56663, 04–55193.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2005.*

Decided March 14, 2005.

David J. Wilzig, Esq., Los Angeles, CA, for Plaintiff-Appellant.

Stephen B. Morris, Morris & Associates, San Digeo, CA, for Defendants–Appellees.

Carlos F. Negrete, Esq., San Jose, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Stephen J. Barrett appeals the district court's dismissal of his malicious prosecution action under California's anti-Strategic Litigation Against Public Policy ("anti-SLAPP") statute, Cal.Code Civ. P. § 425.16, and the award of attorney's fees against him. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review a grant of defendants' motion to strike under the anti-SLAPP statute *de novo. Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1102 (9th Cir.2003).

To strike Barrett's claim under California's anti-SLAPP statute, Negrete and Clark had the initial burden to show that Barrett's malicious prosecution claim against them arises from an act in furtherance of their free speech rights. *Equilon Enterprises v. Consumer Cause, Inc.,* 29 Cal.4th 53, 58, 124 Cal.Rptr.2d 507, 52 P.3d 685 (2002). The burden then shifted to Barrett to prove a probability of prevailing on the merits. *DuPont Merck Pharm. Co. v. Superior Court,* 78 Cal.App.4th 562, 567, 92 Cal.Rptr.2d 755 (2000). The district court ruled that although Barrett's malicious prosecution claim was legally sufficient, it lacked evidentiary support. It then struck Barrett's complaint and awarded attorney's fees against him. We disagree with the district court's conclusion that Barrett was unlikely to succeed on the merits for lack of evidentiary support.

In California, an action for malicious prosecution has three elements. The plaintiff must establish that the prior underlying action (1) was commenced by or at the direction of the defendant and it was pursued to a legal termination in the plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice. *HMS Capital, Inc. v. Lawyers Title Co.,* 118 Cal.App.4th 204, 213, 12 Cal. Rptr.3d 786 (2004).

As to point number one, the district court correctly concluded that Negrete's voluntary dismissal of the underlying action constituted a termination favorable to Barrett. *See MacDonald v. Joslyn,* 275 Cal.App.2d 282, 289, 79 Cal.Rptr. 707 (1969) (holding that a "voluntary dismissal of a civil action or proceeding by the plaintiff therein ... is a favorable termination which will support an action for malicious prosecution").

As to point two, in his malicious prosecution complaint Barrett alleged that the defendants instituted their action against him without probable cause to believe that their allegations were true. In his declaration, Barrett denied committing any of the numerous acts of which he had been accused, and averred that the defendants had no basis to believe otherwise. In the absence of any evidence to the contrary, Barrett's declaration is a sufficient prima facie showing that the defendants lacked probable cause.

Lack of probable cause can also be inferred from the severity and sensational nature of the crimes alleged by Negrete and Clark,[1] when juxtaposed to their fail-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To quote the First Amended Complaint, the laundry list of crimes included "mail fraud; wire fraud; perjury; subordination of perjury; extortion; stalking; terrorist threats; assault; filing false police reports; illegal lobby-

ure to provide any factual support or identify any illegal conduct. When called on to put up or shut up, they shut up—Negrete and Clark voluntarily dismissed their cross-complaint rather than respond to Barrett's discovery requests for the proof of their allegations. This creates a strong inference that Negrete and Clark lacked probable cause for their accusations.

 As to point three—malice—some California courts have held that malice may be inferred solely from the lack of probable cause. *See Mattel, Inc. v. Luce, Forward, Hamilton & Scripps,* 99 Cal. App.4th 1179, 1191, 121 Cal.Rptr.2d 794 (2002). Others have held that the absence of probable cause alone is insufficient to support an inference of malice and presence of malice must be established by other, additional facts. *George F. Hillenbrand, Inc. v. Ins. Co. of North America,* 104 Cal.App.4th 784, 819, 128 Cal.Rptr.2d 586 (2002). Barrett prevails under either standard. The scurrilous nature of the defendants' allegations of wrongdoing and their efforts to publicize them widely on the Internet, when coupled with their utter failure to offer any proof of their charges,

gives rise to a compelling inference of malice.

 The district court's judgment is REVERSED and this case is REMANDED for further proceedings.[2]

---

ing; illegal influence of foreign government officials and/or agencies, trespass; invasion of privacy; web site tampering; Internet Spam; investigation without license; violation of Civil Rights & Free Speech; and interference with right of free speech and association."

2. We also conclude that the district court's reliance on Local Rule 15.1 to exclude Barrett's supplemental declaration was clear error. That rule, entitled "Amended Pleadings," does not apply to a supplemental declaration submitted in response to an anti-SLAPP motion. Pleadings, as defined in the Federal Rules of Civil Procedure, are "a complaint and an answer, a reply to a counterclaim denominated as such; an answer to a cross claim ... a third-party complaint ... and a third-party answer." Fed.R.Civ.P. 7(a). Neither a motion nor a brief on a motion is a pleading. *Breier v.*

*Northern Cal. Bowling Proprietors' Ass'n,* 316 F.2d 787, 789 (9th Cir.1963). The supplemental declaration submitted by Barrett was attached to an excerpt of a deposition of Hulda Clark taken in another case, where Clark admitted that despite her investigation of Dr. Barrett, she was not aware of any illegal conduct by him. This additional evidence further corroborates Barrett's arguments that Clark and Negrete lacked probable cause and filed their cross-complaint with malice.

