Filed 7/9/15  Perez v. Blackman CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. PEREZ, | D066637 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00074164-CU-DF-NC) |
| LARRY M. BLACKMAN et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Earl. H. Maas III, Judge.  Affirmed.

Miller & Steele, Robert M. Steele and Stephen M. Hogan for Plaintiff and Appellant.

Gary S. Baum for Defendants and Respondents.

Michael H. Perez appeals from an order granting Larry and Zachary Blackman's (Larry and Zachary, respectively, and together, defendants) motion to strike Perez's malicious prosecution cause of action pursuant to Code of Civil Procedure section 425.16, known as the anti-SLAPP (strategic lawsuit against public participation) statute.

1

On appeal, Perez contends that the trial court erred when it found that Perez did not present sufficient facts to support a malicious prosecution claim. Specifically, Perez argues that the trial court erred in finding (1) that his lawful arrest could not give rise to a malicious prosecution claim, (2) defendants had probable cause to initiate a criminal investigation against him, and (3) defendants acted without malice. Perez further contends that the trial court improperly weighed the credibility of the evidence in determining whether he had made a prima facie showing of malicious prosecution. We affirm the order.

## FACTUAL BACKGROUND[1]

The parties' dispute arose during a recreational basketball game. Perez and defendants played on opposing teams. In the first half of the game, Zachary received a technical foul and was aggressive towards Perez. During the second half of the game, Zachary pushed Perez to get a rebound and when the play stopped, he charged Perez. Perez felt threatened, instinctively placed Zachary in a headlock, and asked him to stop because he didn't want anyone to get hurt. Perez did not strike Zachary and told him he was only "doing it to avoid things getting out of hand" and to "keep things from escalating." Perez's intent was to keep Zachary from striking him or others and "starting a larger fight between the teams." When Perez let Zachary go, Zachary began to wind up to throw a punch so Perez placed him in a headlock again.

_____

[1] In deciding the merits of an anti-SLAPP motion, "we accept as true all evidence favorable to the plaintiff and assess the defendant's evidence only to determine if it defeats the plaintiff's submission as a matter of law." (*Greene v. Bank of America* (2013) 216 Cal.App.4th 454, 458 (*Greene*).) Therefore, we take the facts in large part from Perez's declaration in opposition to defendants' motion to strike his complaint.

While the referees and multiple players tried to separate the two, Perez and Zachary landed on the ground. Larry then jumped on Perez's back and punched and struck him, yelling, "that is my fucking son let go of him." After Larry was pulled off of Perez, everyone was able to separate. Larry repeatedly screamed at Perez, "fuck you why don't you fight me!" As Perez left the gym, Larry continued yelling, "Fuck you, get out of here!" Perez and Larry were ejected from the game, Zachary was not.

The next day, Zachary reported the incident to the San Diego Police Department and an officer interviewed him, Larry, and Zachary's roommate, who was also present at the basketball game. The officer completed an incident report.

Weeks later, Perez received a call from a detective asking him to come to the police department to discuss the reported incident. Upon arrival, Perez was handcuffed and read his rights.[2] The detective told Perez he was under arrest, being charged with "a felony for aggressive assault threatening the life of another person," and showed him a typed report stating Perez was being arrested for a felony battery and another charge Perez does not recall. He also told Perez that he had examined Zachary's eyes and neck and that he had not seen any visible signs of Zachary being choked.

Perez explained his side of the story and produced an email with an attached report from a referee, who "was closest to the incident that evening." After the referee confirmed Perez's story over the phone, the detective told Perez he was free to go.

---

[2] *Miranda v. Arizona* (1996) 384 U.S. 436.

PROCEDURAL BACKGROUND

On November 4, 2013, Perez filed a complaint against defendants for false arrest, malicious prosecution, intentional infliction of emotional distress, negligence, and defamation. Defendants' filed an anti-SLAPP motion. In a tentative ruling on the motion, the trial court found that all of the causes of action, with the exception of the malicious prosecution claim, were barred by the litigation privilege under Civil Code section 47, subdivision (b). The ruling further stated that the malicious prosecution claim failed because an investigation that does not lead "to the filing of a formal criminal or civil complaint does not give rise to a cause of action for malicious prosecution."

After oral argument, the trial court vacated the tentative ruling and granted plaintiff's discovery requests. Perez conceded that all of the causes of action, except for the malicious prosecution claim, were barred. The court held a subsequent hearing on the anti-SLAPP motion to address whether Perez was "arrested" or "interviewed voluntarily" for purposes of the malicious prosecution claim.

The trial court granted defendants' anti-SLAPP motion after finding that Perez did not present sufficient evidence to "support each of the elements of the tort of malicious prosecution." Specifically, the trial court found that (1) plaintiff's declaration established only a "potential arrest," which cannot give rise to a malicious prosecution cause of action, (2) defendants had reason to believe they had grounds to have Perez arrested because "putting a player in a choke hold is not part of the game of basketball," and (3) there was no evidence that defendants acted other than to bring Perez to justice. Perez appeals.

4

The anti-SLAPP statute provides as follows: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (Code Civ. Proc., § 425.16, subd. (b)(1).)

Resolution of an anti-SLAPP motion generally requires the court to engage in a two-step process, whereby the court decides (1) whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity and (2) if such a showing has been made, whether the plaintiff has demonstrated a probability of prevailing on the claim. (*Jarrow Formulas*, *Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733 (*Jarrow*).) "We review an order granting an anti-SLAPP motion de novo, applying the same two-step procedure as the trial court." (*Cole v. Patricia A. Meyer & Associates*, *APC* (2012) 206 Cal.App.4th 1095, 1105.)

Here, the trial court found that defendants' report to the police "arises out of an act in furtherance of Defendants' right of free speech," and Perez does not dispute that the anti-SLAPP statute applies to malicious prosecution actions. (*Jarrow*, *supra*, 31 Cal.4th at p. 735 ["By definition, a malicious prosecution suit alleges that the defendant committed a tort by filing [or instigating] a lawsuit"].) Thus, we focus on whether Perez was able to satisfy the second prong of the test. (*Greene*, *supra*, 216 Cal.App.4th at

p. 457 ["Once the defendants show that [their actions arise] from protected activity, the plaintiff must demonstrate a probability of prevailing on the claim"].)

The trial court found that Perez did not meet his burden of demonstrating a probability of prevailing on the malicious prosecution claim. To satisfy the second prong of the anti-SLAPP motion test, a "plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' " (*Greene*, *supra*, 216 Cal.App.4th at p. 458.) "[T]he plaintiff's burden of establishing a probability of prevailing is not high: We do not weigh credibility, nor do we evaluate the weight of the evidence. Instead, we accept as true all evidence favorable to the plaintiff and assess the defendant's evidence only to determine if it defeats the plaintiff's submission as a matter of law. [Citation.] Only a cause of action that lacks 'even minimal merit' constitutes a SLAPP." (*Ibid*.) The purpose of an anti-SLAPP motion is to unmask and dismiss purely frivolous claims. (*Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1089 (*Chavez*).)

Therefore, to defeat defendants' anti-SLAPP motion, Perez had to make a prima facie showing of facts to support a malicious prosecution claim. (*Chavez*, *supra*, 94 Cal.App.4th at p. 1089.) "A claim for malicious prosecution is established by showing that the action was (1) commenced by or at the direction of defendant and was pursued to a legal termination in favor of the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice." (*Mattel*, *Inc. v. Luce*, *Forward*, *Hamilton & Scripps* (2002) 99 Cal.App.4th 1179, 1190.) We need not address Perez's argument that

6

his lawful arrest can give rise to a malicious prosecution action or his assertion that defendants acted with malice, because we find that defendants had probable cause to initiate the investigation of Perez. (*White v. Brinkman* (1937) 23 Cal.App.2d 307, 312-313 (*White*) [explaining that "[i]f probable cause exists, it is an absolute protection against an action for malicious prosecution, even when express malice is proved"].)

Perez argues that defendants did not reasonably believe he had committed a crime because defendants were the aggressors. A defendant acts without probable cause if "no reasonable person in [the defendant]'s circumstances would have believed that there were grounds for causing [the plaintiff] to be arrested or prosecuted." (CACI No. 1500 (2008).) " '[P]robable cause does not depend upon the possession of facts which satisfactorily prove the guilt of an accused person. It has reference of the common standard of human judgment and conduct. It exists if one is possessed of information or facts which are sufficient to cause a reasonable person to honestly believe the charge is true.' " (*Greene*, *supra*, 216 Cal.App.4th at p. 465.) In other words, "[b]elief alone, however sincere, is not sufficient, for it must be founded on circumstances which make the belief reasonable." (*White*, *supra*, 23 Cal.App.2d at p. 312.) Nonetheless, "[p]roof that no crime was committed or that the accused is innocent does not negat[e] the existence of probable cause." (*Northrup v. Baker* (1962) 202 Cal.App.2d 347, 354.)

When the facts relied upon to show probable cause are undisputed, whether those facts constitute probable cause is a matter of law to be decided by the court pursuant to an objective standard. (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 880-881 (*Sheldon*).) Conversely, " '[w]hen the evidence bearing on the question of probable

cause is in conflict, it is the province of the jury to determine whether facts exist which will warrant or reject an inference of probable cause.' " (*Greene*, *supra*, 216 Cal.App.4th at p. 465.) Essentially, " '[w]hat facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not in any particular case is a pure question of fact. The former is exclusively for the court, [and] the latter for the jury.' " (*Sheldon*, *supra*, at p. 877.)

In the instant case, it is undisputed that Perez placed Zachary in a "choke hold." The referee report produced by Perez stated that Perez grabbed Zachary and put him in a "choke hold." When multiple players tried to separate them, Zachary and Perez were pushed onto the floor, but Perez did not release the "choke hold." Larry then jumped on top of Perez and punched him, saying, "that is my fucking son[,] let go of him!" Moreover, Perez confirmed these key facts in his account of the incident, in spite of his allegation that defendants were the aggressors and his use of the word "headlock" instead of "choke hold." Defendants further verified that Perez had Zachary in a "choke hold" and that numerous players and Larry tried to intervene.

Taking the evidence produced by Perez and known to the defendants as true, we find it was reasonable for the defendants to have believed that Perez committed a crime. The undisputed facts show that Zachary was placed in a "choke hold" by Perez. Multiple players perceived the situation as serious enough to justify becoming involved in the fracas, and Perez did not release Zachary when they fell to the ground. Larry's exclamation further confirms Perez did not readily let go of Zachary despite efforts to separate the two. We thus find that under these circumstances it was objectively

8

reasonable for defendants to presume they had grounds to have Perez arrested, and defendants had probable cause to report the incident to the police. The fact that criminal proceedings were not initiated against Perez as a result does not negate the existence of probable cause.

Based on the foregoing findings, we conclude that the undisputed facts in the record defeat Perez's malicious prosecution claim because they demonstrate that defendants acted with probable cause. Since Perez did not make a prima facie showing of facts demonstrating a probability of prevailing on an essential element of a malicious prosecution claim, the trial court properly granted defendants' anti-SLAPP motion.

DISPOSITION

The order is affirmed. Defendants are entitled to costs on appeal.

McCONNELL, P. J.

WE CONCUR:

NARES, J.

HALLER, J.

9