[No. B140077. Second Dist., Div. Three. Jan. 5, 2001.]

PAUL FOR COUNCIL, Plaintiff and Appellant, v.
RICKI HANYECZ et al., Defendants and Respondents.

COUNSEL

William J. Cleary, Jr., and Paul M. Christiansen for Plaintiff and Appellant.

Reed & Davidson, Dana W. Reed and Bradley W. Hertz for Defendants and Respondents.

OPINION

CROSKEY, Acting P. J.—In this appeal, plaintiff challenges the determination of the trial court that plaintiff's suit is what is commonly known as a SLAPP suit (strategic lawsuit against public participation [Code Civ. Proc., § 425.16 (section 425.16)]). Based on such determination, the trial court struck plaintiff's complaint and dismissed the suit when plaintiff failed to establish a probability of success on his claims. Thereafter, defendants, who are Ricki Hanyecz, Michael Hanyecz, and Sima Katzir, moved for an award

of attorney's fees and costs. The court granted defendants' motion, and plaintiff challenges that ruling as well.[1]

We find the trial court erred when it (1) ruled this is a SLAPP suit, and then (2) required plaintiff, upon pain of dismissal, to demonstrate the probability of the suit's success. We reach this conclusion because the record demonstrates defendants were not engaged in a *valid* exercise of their constitutional rights of freedom of speech or petition for redress of grievances. We thus conclude this suit should not have been dismissed. Given our conclusion, it necessarily follows that defendants were not entitled to an award of costs and attorney's fees.

## BACKGROUND OF THE CASE

### 1. *The Complaint*

Plaintiff's complaint alleged he was elected to the Laguna Niguel City Council in 1989. In 1994, Paul for Council was the official committee acting on plaintiff's behalf in his bid for another term on the council. The thrust of

---

[1]The caption of plaintiff's complaint states that the name of the plaintiff is "Paul for Council." However, the complaint contains statements and allegations that show that the real plaintiff is one Paul Christiansen (Christiansen). For example, the complaint: (1) states that "Plaintiff 'Paul for Council' is a now dissolved political action committee of which the sole beneficiary, the candidate, Paul Christiansen, now brings this action"; (2) alleges a cause of action for "interference with prospective contractual advantage," to wit, that because of defendants' actions, Christiansen's benefits as an elected public official terminated; (3) alleges defendants' actions caused Christiansen to suffer emotional distress; and (4) references a violation of Civil Code section 52.1, which provides for suits by individuals whose civil rights have been interfered with. Additionally, at the top of the first page of the complaint, where the name of the attorney of record is commonly placed, "Paul M. Christiansen" and "plaintiff in pro per" appear. We also note that the opposition to defendants' section 425.16 motion to strike the complaint contains a declaration from Christiansen wherein he states he is the plaintiff in this case.

Just as a trial court would do if defendants had demurred to the complaint on the ground of uncertainty as to the identity of the actual plaintiff, we will "give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) In doing so, it is clear that the statements and allegations summarized above would be meaningless if they were not construed to mean that the candidate himself, Christiansen, is the actual plaintiff. Code of Civil Procedure, section 367 requires that suits be "prosecuted in the name of the real party in interest, except as otherwise provided by statute." The real party in interest is the person who, under the substantive law, possesses the right sued upon. (*Gantman v. United Pacific Ins. Co.* (1991) 232 Cal.App.3d 1560, 1566 [284 Cal.Rptr. 188].) Obviously, Christiansen's political action committee itself can have no cause of action for infliction of emotional distress, interference with Christiansen's employee benefits, or relief under Civil Code section 52.1. In this opinion, therefore, we use the term "plaintiff" to mean Christiansen himself, not his political action committee. On remand of this case, Christiansen can amend the complaint to name himself as the plaintiff. (*Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1004 et seq. [79 Cal.Rptr.2d 544].)

the complaint is that defendants interfered with plaintiff's candidacy by influencing the election with *illegal* campaign contributions for one of his opponents. Plaintiff alleged that defendants' acts violated the Political Reform Act of 1974 (Gov. Code, § 81000 et seq. (the Political Reform Act)).

### 2. Defendants' Motion to Strike

Defendants moved to strike the complaint, citing section 425.16, the anti-SLAPP statute, as their authority to do so.[2] They contended this action is a SLAPP suit, and further contended there was no probability that plaintiff would prevail on his claims. Their moving papers, however, show that they in fact did violate the Political Reform Act when they laundered campaign contributions to persons running for local and state offices. According to the appellate record, they did this by having family members submit contributions to the campaigns of various candidates, and then reimbursing those family members for the amounts contributed. Defendants acknowledge that a $300 contribution to a person running against plaintiff was made by them in this manner.[3] In making their motion to dismiss this suit, defendants argued that their money laundering was "in furtherance of [their] constitutional

---

[2]Subdivision (b) of section 425.16 states in part: "(1) A cause of action against a person arising from any *act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue* shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

"(2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (Italics added.)

Subdivision (e) of section 425.16 states: "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

[3]One of the purposes of the Political Reform Act is to insure that "[r]eceipts and expenditures in election campaigns . . . be fully and truthfully disclosed in order that the voters may be fully informed and improper practices may be inhibited." (Gov. Code, § 81002.) Documents generated in the campaign money laundering case that California's Fair Political Practices Commission brought against defendants state that "[m]aking a contribution in another person's name is one of the most serious types of violations of the Political Reform Act because it denies the public information about where candidates receive their financial support." According to a copy of a newspaper article included in the defendants' section 425.16 moving papers, the Fair Political Practices Commission levied a fine of $94,000 against defendants.

.

rights of free speech" and "arises out of acts in furtherance of [their] constitutionally protected conduct." (Italics omitted.)

In his opposition to defendants' motion to strike his complaint, plaintiff asserted that section 425.16 does not apply in this case because defendants' actions in laundering campaign money do not constitute constitutionally protected activity. As for defendants' contention that he has no possibility of prevailing on his causes of action, plaintiff contended he was not required to meet that issue in opposing the motion to strike because his suit does not fall under section 425.16; that is, it does not arise from activity of defendants that is in furtherance of their constitutional rights of petition for redress of grievances or free speech. Plaintiff also asserted that the motion to strike his complaint is frivolous and therefore he is entitled to costs, as provided for in subdivision (c) of section 425.16.[4]

Defendants disputed plaintiff's analysis of what prompts application of section 425.16 protection. They contended their campaign contribution laundering "need not be constitutionally protected for the anti-SLAPP statute to apply; [rather, their] actions merely must arise from an act in furtherance of defendants' rights of free speech or petition."

In granting defendants' special motion to strike, the trial court ruled that defendants' acts which prompted this suit "were, by definition, acts in furtherance of defendants' constitutional rights of free speech. Political contributions are at the very core of First Amendment activity, . . . This is a SLAPP suit." The court also ruled that because plaintiff had not shown he has a reasonable probability of prevailing on any of his causes of action, judgment should be entered in defendants' favor. Thereafter, judgment was so entered, the complaint was dismissed, and defendants were awarded section 425.16 attorney's fees and costs. Plaintiff has now prosecuted this timely appeal.

### ISSUES ON APPEAL

In this appeal we address the question as to whether a defendant can properly claim that an action filed against it is a SLAPP suit for which it is

---

[4]Subdivision (c) of section 425.16 provides for awards of costs and attorney's fees under specific circumstances. Regarding such awards to defendants, the subdivision states: "In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." (*Ibid.*) This provision has been held to provide for an award of only those fees and costs incurred in connection with the motion to strike, not the entire action. (*Lafayette Morehouse, Inc.* v. *Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1382-1384 [46 Cal.Rptr.2d 542].) Awards of fees and costs to plaintiffs are also governed by subdivision (c): "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to [Code of Civil Procedure] Section 128.5."

entitled to section 425.16 protection, when its conduct involved actions which violate the law; or to put it another way, can a defendant successfully assert that although the acts in which it engaged, and which are the subject of the plaintiff's complaint, were illegal, they were done in furtherance of the constitutional rights of free speech or petition for redress of grievances in connection with a public issue and therefore the plaintiff is required, under section 425.16, to meet the predicate showing mandated by that statute?

As we explain, we hold that in such circumstances, defendants are not entitled to protection under section 425.16. Therefore, in the instant case, the trial court erred when it (1) required plaintiff to establish a probability that he would prevail in this suit, (2) struck the complaint and dismissed the suit when plaintiff failed to do so, and (3) awarded defendants attorney's fees and costs of suit.

We also consider the process that a trial court uses in determining whether a defendant who brings a section 425.16 special motion to strike has successfully met its burden of showing that the acts upon which the plaintiff bases its causes of action were ones taken by the defendant in furtherance of the defendant's rights of petition or free speech in connection with a public issue.

Finally, we address plaintiff's assertions that he is entitled to have defendants pay the trial court and appellate attorney's fees and costs which *he* incurred in connection with defendants' motion to strike.

## DISCUSSION

### 1. *The Underlying Legislative Purpose of Section 425.16, and the Nature of a SLAPP suit*

The Legislature's stated purpose in enacting section 425.16 is found in subdivision (a) of that statute. Subdivision (a) states: "The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the *valid* exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly." (Italics added.)

"SLAPP plaintiffs do not intend to win their suits; rather, they are filed solely for delay and distraction [citation], and to punish activists by imposing litigation costs on them for exercising their constitutional right to speak

and petition the government for redress of grievances. [Citation.]" (*Dixon v. Superior Court* (1994) 30 Cal.App.4th 733, 741 [36 Cal.Rptr.2d 687].) SLAPP suits are filed to prevent citizens from exercising their political rights, and to harm those who have exercised those rights. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 815 [33 Cal.Rptr.2d 446] (*Wilcox*).) "SLAPP suits are brought to obtain an economic advantage over the defendant, not to vindicate a legally cognizable right of the plaintiff. [Citations.]" (*Id.* at p. 816, italics omitted.) "As long as the defendant is forced to devote its time, energy and financial resources to combating the lawsuit its ability to combat the plaintiff in the political arena is substantially diminished. [Citations.]" (*Ibid.*) Therefore, the anti-SLAPP legislation found in section 425.16 provides an efficient means of dispatching, early on in a lawsuit, a plaintiff's meritless claims, and thus encourages, to use the Legislature's words, "continued participation in matters of public significance." (§ 425.16, subd. (a).)

## 2. Burdens of the Parties in a Section 425.16 Motion to Dismiss

■ Section 425.16, subdivision (b)(1), requires the trial court to engage in a two-step process when determining whether a defendant's section 425.16 motion to strike should be granted. First, the court decides whether the defendant has made a threshold prima facie showing that the defendant's acts, of which the plaintiff complains, were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue. (*Wilcox, supra,* 27 Cal.App.4th at p. 820.) If the court finds that such a showing has been made, then the plaintiff will be required to demonstrate that "there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1); *DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 567-568 [92 Cal.Rptr.2d 755].)[5] The defendant has the burden on the first issue, the threshold issue; the plaintiff has the burden on the second issue. (*Wilcox, supra,* 27 Cal.App.4th at p. 819 et seq.) On appeal, the issues are reviewed de novo. (*Mission Oaks Ranch, Ltd. v. County of Santa Barbara* (1998) 65 Cal.App.4th 713, 721 [77 Cal.Rptr.2d 1], disapproved on another point in *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1123, fn. 10 [81 Cal.Rptr.2d 471, 969 P.2d 564]; *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 653 [49 Cal.Rptr.2d 620].)

---

[5]Such a demonstration requires a plaintiff to substantiate the legal sufficiency of its claim. The plaintiff cannot simply rely on the allegations in the complaint. "Substantiation requires something more than that. Once the court determines the first prong of the statute has been met, a plaintiff must provide the court with sufficient evidence to permit the court to determine whether 'there is a probability that the plaintiff will prevail on the claim.' (§ 425.16, subd. (b)(1).)" (*DuPont Merck Pharmaceutical Co. v. Superior Court, supra,* 78 Cal.App.4th at p. 568.)

Subdivision (b)(2) of section 425.16 states that when the trial court is considering a special motion to strike, the court "shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." This requirement has been interpreted to mean that (1) when the trial court examines the plaintiff's affidavits filed in support of the plaintiff's "second step" burden, the court must consider whether the plaintiff has presented sufficient evidence to establish a prima facie case on its causes of action, and (2) when the trial court considers the defendant's opposing affidavits, the court cannot weigh them against the plaintiff's affidavits, but must only decide whether the defendant's affidavits, *as a matter of law*, defeat the plaintiff's supporting evidence. (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 866-867 [44 Cal.Rptr.2d 46].)

To meet its burden, the defendant does not have to "*establish* its actions are constitutionally protected under the First Amendment as a matter of law. If this were so the second clause of subdivision (b) of section 425.16 would be superfluous because by definition the plaintiff could not prevail on its claim." (*Wilcox, supra*, 27 Cal.App.4th at p. 820, italics added.) Rather, the defendant must present a prima facie showing that the plaintiff's causes of action arise from acts of the defendant taken to further the defendant's rights of free speech or petition in connection with a public issue. (*Ibid.*) Only if the defendant makes this prima facie showing does the trial court consider the second step of the section 425.16, subdivision (b)(1) analysis; at that point, the burden shifts to the plaintiff to make a prima facie showing of facts which, if proven at trial, would support a judgment in the plaintiff's favor. (27 Cal.App.4th at pp. 823-824.)

In the instant case, we need not address the second step of section 425.16's two-step motion to strike process because we hold, *as a matter of law*, that defendants cannot meet their burden on the first step. As discussed below, the activity of which plaintiff complains—defendants' campaign money laundering—was not a *valid* activity undertaken by defendants in furtherance of their constitutional right free speech. This conclusion is established by the factual record before us and is not really disputed by the defendants. Indeed, defendants argue that they are entitled to the benefit of section 425.16 in spite of such illegality.

*3. Defendants' Campaign Money Laundering Conduct Does Not Fall Within the Coverage of Section 425.16*

The making of a political campaign contribution is a type of political speech. "A contribution serves as a general expression of support for the

candidate and his views, . . ." (*Buckley v. Valeo* (1976) 424 U.S. 1, 21 [96 S.Ct. 612, 635, 46 L.Ed.2d 659, 689], limited on another point in *Ryder v. United States* (1995) 515 U.S.177, 183-184 [115 S.Ct. 2031, 2036, 132 L.Ed.2d 136, 144].) Defendants contend their campaign money laundering activity was taken "*in furtherance*" of their constitutional right of free speech, and therefore such activity comes within the parameters of section 425.16's protection, even though such activity was found to be illegal. We do not agree with their conclusion.

Subdivision (a) of section 425.16, which is the preamble of that statute, states that the statute was enacted to combat suits brought primarily to chill the *valid* exercise of a defendant's constitutional rights of speech and petition. ■ It is true that " 'legislative intent is not gleaned solely from the preamble of a statute; it is gleaned from the statute as a whole, which includes the particular directives.' [Citation.]" (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1118 [81 Cal.Rptr.2d 471, 969 P.2d 564]). ■ It is also true that the four numbered clauses in subdivision (e) of section 425.16 begin with the words "*any* written or oral statement or writing" (first through third clauses) or "*any* other conduct" (fourth clause), and that section 425.16, subdivision (b)(1) addresses itself to causes of action against a person "arising from *any* act of that person in furtherance of the person's right of petition or free speech." (Italics added.) It is further true that we are directed by subdivision (a) of section 425.16 to construe that statute broadly. However, the probability that the Legislature intended to give defendants section 425.16 protection from a lawsuit based on injuries they are alleged to have caused by their *illegal* campaign money laundering scheme is as unlikely as the probability that such protection would exist for them if they injured plaintiff while robbing a bank to obtain the money for the campaign contributions or while hijacking a car to drive the campaign contributions to the post office for mailing. Under the facts demonstrated by this record, we cannot permit defendants to wrap themselves in this vital legislation. Thus, while it is technically true that laundering campaign contributions is an act in furtherance of the giving of such contributions, that is, in furtherance of an act of free speech, we reject the notion that section 425.16 exists to protect such illegal activity. Section 425.16 protects a defendant "from retaliatory action for his or her exercise of *legitimate* . . . rights . . . ." (*Church of Scientology* v. *Wollersheim, supra*, 42 Cal.App.4th at p. 648, fn. 4, italics added.)

In *Wilcox, supra*, 27 Cal.App.4th at page 820, the court gave an example of how conduct may touch on an issue of free speech but not be protected under section 425.16. The court stated that if a defendant who brings a section 425.16 motion to strike shows that the act which prompted the suit

against him was his own suit against a developer, "the defendant would have a prima facie First Amendment defense. [Citation.] But, if the defendant's act was burning down the developer's office as a political protest the defendant's motion to strike could be summarily denied without putting the developer to the burden of establishing the probability of success on the merits in a tort suit against defendant." (27 Cal.App.4th at p. 820.) While laundering campaign contributions may not be as dramatic or physically dangerous as burning down a building, it is equally outside the scope of section 425.16's protection.

Because defendants have not shown that plaintiff's suit was brought primarily to chill a *valid* exercise of their constitutional rights of free speech or petition for redress of grievances in connection with a public issue, plaintiff had no obligation to establish a probability that he will prevail on his causes of action, and the trial court was therefore required to deny defendants' motion to strike plaintiff's causes of action.

In order to avoid any misunderstanding as to the basis for our conclusions, we should make one further point. This case, as we have emphasized, involves a factual context in which defendants have effectively conceded the illegal nature of their election campaign finance activities for which they claim constitutional protection. Thus, there was no dispute on the point and we have concluded, as a matter of law, that such activities are *not* a valid exercise of constitutional rights as contemplated by section 425.16. However, had there been a factual dispute as to the legality of defendants' actions, then we could not so easily have disposed of defendants' motion.

■ As we have noted, a defendant need only make a prima facie showing that the plaintiff's suit arises "from any act of [the defendant] in furtherance of [the defendant's] right of petition or free speech under the United States or California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).) If the plaintiff contests this point, and unlike the case here, cannot demonstrate as a matter of law that the defendant's acts do not fall under section 425.16's protection, then the claimed illegitimacy of the defendant's acts is an issue which the plaintiff must raise *and* support in the context of the discharge of the plaintiff's burden to provide a prima facie showing of the merits of the plaintiff's case. As the court in *Wilcox* put it, this is an *additional* burden which the plaintiff must address. "[W]e believe this burden should be met in the same manner the plaintiff meets the burden of demonstrating the merits of its causes of action: by showing the defendant's purported constitutional defenses are not applicable to the case as a matter of law *or* by a prima facie showing of facts which, if accepted by the trier of fact, would negate such defenses." (*Wilcox, supra,* 27 Cal.App.4th at p. 824, italics added.)

### 4. The Matter of the Parties' Litigation Costs

Subdivision (c) of section 425.16 awards attorney's fees and costs to defendants who prevail on special motions to strike. Because we have determined defendants should not have prevailed on their motion to strike, it follows that they are not entitled to the fees and costs the trial court awarded them. Moreover, if upon remand of this case the trial court determines that defendants' motion to strike was frivolous or was solely intended to cause unnecessary delay, the trial court shall award plaintiff his trial court costs pursuant to section 128.5 of the Code of Civil Procedure. (§ 425.16, subd. (c).)

Plaintiff requests an award of attorney's fees and costs incurred by him in this appeal. ██ If a statute authorizes an award of attorney's fees at the trial court level, then appellate attorney's fees are also recoverable unless the statute specifically provides otherwise. (*Liu v. Moore* (1999) 69 Cal.App.4th 745, 754 [81 Cal.Rptr.2d 807].) Section 425.16 does not specifically preclude recovery of attorney's fees in appeals involving review of section 425.16 motions to strike. However, as noted above, under section 425.16, a plaintiff may only receive trial court attorney's fees under qualified conditions. Therefore, if plaintiff convinces the trial court that such conditions exist in this case, the trial court should award plaintiff reasonable appellate attorney's fees. In any event, as the prevailing party in this appeal, plaintiff is entitled to his appellate costs under rule 26 of the California Rules Court.

### DISPOSITION

The judgment of dismissal and the order awarding attorney's fees are reversed in their entirety, and the cause is remanded for further proceedings consistent with the views expressed herein. Costs on appeal to plaintiff.

Kitching, J., and Perluss, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.