Filed 8/26/14  Croteau v. Bernier CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JESSIE CROTEAU et al.,<br><br>        Plaintiffs, Cross-defendants and Respondents,<br><br>        v.<br><br>REJEANNE BERNIER,<br><br>        Defendant, Cross-complainant and Appellant. | D061560<br><br><br>(Super. Ct. No. 37-2011-00091919-CU-NP-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Luis R. Vargas, Judge.  Affirmed.

Patrick M. Howe for Plaintiffs, Cross-defendants and Respondents.

Rejeanne Bernier in pro. per., for Defendant, Cross-complainant and Appellant.

Defendant, cross-complainant and appellant Rejeanne Bernier (Bernier), appearing in propria persona, appeals the order granting the anti-SLAPP motion of plaintiffs, cross-defendants and respondents Jessie Croteau (Jessie), Bernier's son, and his professional services company, ICS Professional Services, Inc. (ICS) (together, respondents). Respondents moved under Code of Civil Procedure section 425.16[1] to strike the malicious prosecution and elder abuse causes of action Bernier asserted against them in the cross-complaint she filed in response to respondents' own complaint for damages against Bernier, Hans Croteau (Hans), the younger son of Bernier and the brother of Jessie, and others. Affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

There is a long history of litigation between the parties in this case. In late 2006, Bernier approached her son Jessie about a remodel to her home. Jessie's company, ICS, then held a general building contractor license and a flooring and floor covering contractor license. After Jessie and ICS began the remodeling work a dispute arose between Bernier and Jessie that culminated in Bernier filing a lawsuit against Jessie and ICS in October 2007, in San Diego County Superior Court, case No. 37-2007-00076023-CU-BC-CTL (the construction lawsuit). The construction lawsuit alleged, among others, causes of action for breach of oral agreement and for recovery of compensation paid to an

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise noted. Section 425.16 is commonly referred to as the anti-SLAPP statute. (*Siam v. Kizilbash* (2005) 130 Cal.App.4th 1563, 1568.) SLAPP is an acronym for " 'strategic lawsuit against public participation.' " (*Jarrow Formulas*, *Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

2

unlicensed contractor. As to the latter cause of action, Bernier alleged that the agreement pertaining to the remodeling project was between her and Jessie individually, and not between her and ICS, and as such, Jessie performed the work without a valid contractor's license.

ICS alone filed a cross-complaint against Bernier in the construction litigation. It asserted among others a cause of action for breach of a *written* contract. After a bench trial, as discussed *post* the court found neither Bernier nor respondents were entitled to any relief and entered judgment accordingly.

As relevant here, in May 2011 respondents filed the instant action against Bernier and Hans (who is not a party in this appeal) asserting three causes of action for malicious prosecution and one cause of action for defamation. Respondents in their complaint contended Bernier and/or Hans had asserted at least three separate, *unsuccessful* lawsuits against them in connection with the remodeling project, including (1) the construction lawsuit; (2) a separate action by Hans against respondents in San Diego County Superior Court, case No. 37-2008-00087054-PT-CTL, in which he alleged causes of action for intentional misrepresentation and breach of oral contract arising from an alleged agreement between him and respondents in which respondents would pay Hans $20 per hour to perform labor in connection with the remodeling project, which amount would then be offset from any amount Bernier owed for the remodeling work; and (3) an action in the United States District Court for the Southern District of California, No. 10-CV-1698, in which Bernier and Hans in their 98-page complaint alleged respondents and their attorneys involved in the construction lawsuit, among many other defendants (including

3

one of Bernier's own attorneys involved in the construction lawsuit, the San Diego District Attorney and individuals in that office and former California Attorney General Jerry Brown), allegedly violated their constitutional rights and committed many other wrongs based in part on what respondents contended were many of the same allegations Bernier and/or Hans had previously made in their unsuccessful construction and employment lawsuits.

Bernier, for herself only, in response filed a cross-complaint against respondents and others in the instant action. As relevant here, she alleged causes of action for malicious prosecution and elder abuse. In her cross-complaint, Bernier alleged that in connection with the construction lawsuit, her son Jessie "falsified several documents concerning [her] remodeling project, including but not limited to time sheets, employment applications, invoices, project accounting, and communications"; that Jessie also "forged contracts between [her] and ICS," which Bernier contended was a felony; and that as a result of such falsified and forged documents, ICS and Jessie "wrongfully brought a lawsuit [i.e., the cross-complaint in the construction lawsuit] against [her] for breach of a written contract . . . ."

Bernier further alleged in her elder abuse cause of action that at the time of the alleged misconduct by respondents she was at least 65 years of age and thus subject to protection under California's Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code, § 15600 et seq (Act)); and that respondents violated that Act "through the use and presentation of falsified and forged documents at trial [in the

4

construction lawsuit] to take financial advantage, appropriate, and convert [her] money for [respondents'] own personal use and enjoyment."

Respondents in response filed an anti-SLAPP motion to strike Bernier's malicious prosecution and elder abuse causes of action.[2]  The trial court granted that motion, ruling as follows:

"Cross-defendants [i.e., Croteau and ICS] bear[] the initial burden of establishing a prima facie showing the causes of action arise from their free speech or petition activity.  [Citation.]  'In the anti-SLAPP context, the critical consideration is whether the cause of action is based on the defendant's protected free speech or petitioning activity.'  [Citations.]  In other words, the court considers whether the challenged action was filed after the protected activity occurred.

"Here, the Cross-Complaint arises entirely out of petitioning activity and statements made in the course of judicial proceedings.  [Citation.]  Moreover, malicious prosecution causes of action fall within the purview of the [a]nti-SLAPP statute.  [Citation.]  In addition, Bernier's cause of action for elder abuse is subject to the [a]nti-SLAPP statute, as it is predicated on the alleged presentation of falsified and forged documents at the trial in the underlying case [i.e., the construction lawsuit].  Causes of action arising out of litigation activity are subject to a Special Motion to Strike.

---

2    Respondents also demurred to the cross-complaint.  The trial court found the demurrer moot as a result of its granting of respondents' anti-SLAPP motion.  In addition, Bernier and Hans separately demurred and each filed their own anti-SLAPP motion to respondents' complaint for damages.  The trial court granted in part and denied in part the anti-SLAPP motions of Bernier and Hans.  That order, however, is *not* the subject of this appeal.

[Citation.] Thus, Cross-Defendants have standing to bring the anti-SLAPP motion and the first prong of the analysis has been met.

"The burden then shifts to Cross-Complainant to establish a 'probability that the [cross-complainant] will prevail on the claim.' [Citation.] 'Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." ' [Citation.] Plaintiff in opposition must rely upon competent admissible evidence within the personal knowledge of the declarant. Declarations 'on information and belief' are of no moment. [Citation.]

"Here, Cross-Complainant has failed to show a probability of prevailing on the merits of her Cross-Complaint against Jessie Croteau. Cross-Complainant fails to present any evidence the Cross-Complaint in the underlying action was brought by Jessie Croteau. Since Cross-Complainant has not shown a probability of prevailing on the merits, her Cross-Complaint against Cross-Defendant Jessie Croteau is stricken.

"Cross-Complainant has also failed to show a probability of prevailing on the merits of her Cross-Complaint against ICS . . . . Cross-Complainant fails to submit any evidence of damage. Since Cross-Complainant has not shown a probability of prevailing on the merits, her Cross-Complaint against Cross-Defendant ICS . . . is stricken.

"Cross-Complainant's Request for Judicial Notice is granted." (Emphasis in original omitted.)

6

DISCUSSION

A. *Guiding Principles*

A court employs a two-step analysis in determining whether one or more causes of action should be stricken under the anti-SLAPP statute.  (§ 425.16, subd. (b)(1).)  In the first step, the defendant—or in this case, the cross-defendant—bears the initial burden of making a prima facie showing that the cause of action "aris[es] from any act of that person in furtherance of the person's right of petition or free speech . . . ."  (*Ibid.*; see *Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 473-474.)

Subdivision (e) of section 425.16 provides that an "act in furtherance of a person's right of petition or free speech" under subdivision (b)(1) of section 425.16 includes "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

If the defendant meets this threshold burden, in the second step the burden then shifts to the plaintiff, or in this case to the cross-complainant, to "establish[] that there is a probability that the plaintiff will prevail on the claim."  (§ 425.16, subd. (b)(1); see *Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 548.)

7

"Under section 425.16, subdivision (b)(2), the trial court in making these determinations considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' [Citation.] For purposes of an anti-SLAPP motion, '[t]he court considers the pleadings and evidence submitted by both sides, but does not weigh credibility or compare the weight of the evidence. Rather, the court's responsibility is to accept as true the evidence favorable to the plaintiff . . . .' " (*Kleveland v. Siegel & Wolensky, LLP*, *supra*, 215 Cal.App.4th 534, 548.) "These determinations are legal questions, and we review the record de novo." (*Damon v. Ocean Hills Journalism Club*, *supra*, 85 Cal.App.4th at p. 474.)

B. *"Arising From" Requirement*

In the instant case, the parties agree that a malicious prosecution claim generally is subject to the anti-SLAPP statute. (See *Jarrow Formulas*, *Inc. v. LaMarche*, *supra*, 31 Cal.4th at pp. 736-741; *Kleveland v. Siegel & Wolensky, LLP*, *supra*, 215 Cal.App.4th at pp. 548-549.) However, Bernier contends this rule does not apply here because she submitted new evidence to this court that she further contends *conclusively* establishes that respondents engaged in criminal activity in connection with the construction lawsuit as a result of their "collateral and extrinsic fraud." (See *Flatley v. Mauro* (2006) 39 Cal.4th 299, 320 [noting that when a "defendant brings a motion to strike under section 425.16 based on a claim that the plaintiff's action arises from activity by the defendant in furtherance of the defendant's exercise of protected speech or petition rights, but either the defendant concedes, or the evidence conclusively establishes, that the assertedly

8

protected speech or petition activity was illegal as a matter of law, the defendant is precluded from using the anti-SLAPP statute to strike the plaintiff's action."])

Specifically, Bernier submitted to this court evidence she claims was unavailable to her at the time she opposed respondents' anti-SLAPP motion. According to Bernier, this new evidence shows respondents in connection with the construction lawsuit concealed (1) the existence of a policy of insurance issued to ICS on which she could have based a claim for damages; and (2) various pictures she alleges show potential construction defects related to the remodel project, which she now claims establish, through her "plumbing expert," that respondents in 2007 improperly installed the property's sewer system.

We conclude this narrow exception to the anti-SLAPP statute does not apply here. For one thing, we cannot consider any of the "new" evidence proffered by Bernier because this court previously denied her opposed motion to admit additional evidence for new findings, her request for judicial notice that included at least one document that was not even in existence when the trial court granted respondents' anti-SLAPP motion, and finally her motion to reconsider this court's denial of her opposed motion to admit additional evidence.

Moreover, even if we considered this "new" evidence we would still conclude this limited exception does not apply in the instant case because we further conclude such evidence does not establish as a matter of law that respondents engaged in illegal conduct in the construction lawsuit when they allegedly concealed the existence of a policy of insurance allegedly issued to ICS and/or photographs of Bernier's home taken during the

9

remodel. (See *Paul for Council v. Hanyecz* (2001) 85 Cal.App.4th 1356, 1367 [noting that when a factual dispute exists regarding the alleged illegality of defendants' conduct, this limited exception does not apply and further noting that because the defendants conceded the illegal nature of their election finance activities, there is no constitutional protection under section 425.16 for such activities], disapproved on another ground as stated in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.)

Finally, we conclude Bernier did not proffer any other evidence to establish respondents as a matter of law engaged in illegal and unlawful conduct, including when they allegedly falsified several documents concerning Bernier's remodeling project, or when, as she now contends for the first time on appeal, they allegedly engaged in the crime of extortion in 2007 in connection with a certain indemnity agreement.

Indeed, the record shows that the court in its statement of decision in the construction lawsuit found that Jessie and Bernier both lacked credibility and were not to be believed; that although there was some "arrangement that caused remolding work to be done at Ms. Bernier's house," "neither side established what that arrangement was"; and that the "stories told by Ms. Bernier and Mr. [Jessie] Croteau were both false" regarding the true arrangement of the remodeling work, with both witnesses "trying to tell a more convincing set of lies than the other." Clearly, in light of these findings— which are final and binding on this court, Bernier can hardly establish, much less as a matter of law, that respondents engaged in illegal conduct when they allegedly falsified and/or forged several documents concerning the remodeling project, including the contracts themselves.

As such, we independently conclude Bernier's first cause of action for malicious prosecution falls within the purview of section 425.16.  (See *Jarrow Formulas, Inc. v. Lamarche*, *supra*, 31 Cal.4th at pp. 734-735 [noting "[b]y definition, a malicious prosecution suit alleges that the defendant committed a tort by filing a lawsuit" and thus "every court of appeal that has addressed the question has concluded that malicious prosecution causes of action fall within the purview of the anti-SLAPP statute."])

We also independently conclude respondents satisfied their burden to show Bernier's second cause of action for elder abuse is also subject to the anti-SLAPP statute. Indeed, the allegations in the cross-complaint, as discussed *ante*, show the conduct at issue in this cause of action involved the preparation by respondents of the allegedly "falsified and forged documents *at trial*" that Bernier contends constituted a "fraud upon *the Court*."  (Italics added.)  We conclude these acts as alleged by Bernier were in furtherance of respondents' right to petition (see § 426, subd. (b)(1)), as they involved a "writing made in connection with an issue under consideration or review by a . . . judicial body" within the meaning of subdivision (e)(2) of section 425.16.  (See *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89-90 [noting fraud claim for defendant's misrepresenting and failing to disclose his true intention in negotiating and executing a release involved statements or writings made in connection with an issue under consideration or review by a judicial body under subdivision (e)(2) of section 425.16]; *Navarro v. IHOP Properties, Inc.* (2005) 134 Cal.App.4th 834, 838, 843 [noting claim alleging that opposing party obtained a stipulated judgment by making false promises was within scope of section 425.16, subdivision (e)(2)]; *Dowling v.. Zimmerman* (2001) 85 Cal.App.4th 1400, 1418-

11

1420 [noting claims for fraud and other torts, based *inter alia* on false representations and concealed material facts during negotiations of a settlement of an unlawful detainer action, were within the scope of section 425.16, subdivision (e)(2)].)

As such, the burden then shifted to Bernier to show a probability of prevailing on her two causes of action.  (See § 425.16, subd. (b)(1).)

C.  *Probability of Prevailing on Her Causes of Action*

1.  *Malicious Prosecution*

To show a probability of prevailing on the merits of her malicious prosecution cause of action, Bernier " 'must demonstrate that the [cross-]complaint [was] both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence [she] submitted . . . [was] credited.' "  (See *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.)  " 'We consider "the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based." [Citation.]  However, we neither "weigh credibility [nor] compare the weight of the evidence.  Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law." ' "  (*Nygard, Inc. v. Uusi-Kerttula* (2008) 159 Cal.App.4th 1027, 1036.)

To prove a malicious prosecution claim, Bernier must show the underlying action " '(1) was commenced by or at the direction of defendant and was pursued to a legal termination in . . . plaintiff's[ ] favor [citations]; (2) was brought without probable cause

12

[citations]; and (3) was initiated with malice.' " (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 676.)

The parties in their respective briefing raise a series of arguments concerning whether Bernier satisfied her minimal burden to establish a probability of prevailing on the merits of her claims. Respondents, on the one hand, contend she cannot make this showing with respect to Jessie and her first cause of action for malicious prosecution because there is no evidence the cross-complaint in the construction lawsuit was "initiated" by him as required to state such a claim, inasmuch as the *only* cross-complainant was ICS. Respondents further contend that in any event, Bernier did not meet her burden under the second prong of the anti-SLAPP statute with respect to both causes of action because she failed to proffer admissible evidence that she sustained damages.

Bernier, on the other hand, contends for the first time on appeal that she proffered sufficient facts to show Jessie and ICS were alter egos and thus, he in fact "initiated" the cross-complaint filed by ICS in the construction lawsuit. Bernier further contends she proffered sufficient evidence to show she was in fact damaged as a result of the allegedly improper filing of that pleading, as evidenced by, among other items, the attorney fees she incurred, which evidence was included in her request for judicial notice that was denied by this court.

13

We need not decide any of these contentions to resolve this case[3] because we independently conclude Bernier did not and cannot proffer sufficient facts to show the cross-complaint of ICS in the construction lawsuit was brought without probable cause and was initiated with malice. (See *Crowley v. Katleman*, *supra*, 8 Cal.4th at p. 676.)

a. Probable Cause

"An action is deemed to have been pursued without probable cause if it was not legally tenable when viewed in an objective manner as of the time the action was initiated or while it was being prosecuted. The court must 'determine whether, on the basis of the facts known to the defendant, the institution of the prior action was legally tenable.' (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 878.) 'The resolution of that question of law calls for the application of an objective standard to the facts on which the defendant acted. [Citation.]' (*Ibid.*; italics omitted.) The test the court is to apply is whether 'any reasonable attorney would have thought the claim tenable. . . .' (*Id.* at p. 886.)

---

3     In making our decision, we note that to prevail on a malicious prosecution claim a party must show the prior action (i.e., the cross-complaint in the construction lawsuit) was commenced by *or at the direction* of the defendant. (*Crowley v. Katleman*, *supra*, 8 Cal.4th at p. 676.) It is not clear why this language would not apply to Jessie in light of the legal relationship between him and ICS. Moreover, we note that respondents cite no authority to establish that a malicious prosecution plaintiff must present evidence of the facts supporting the damages claimed in order to establish a probability of prevailing on such a claim for purposes of the anti-SLAPP statute. Instead, the weight of authority appears to be "there is no requirement that, for purposes of surviving an anti-SLAPP motion, a malicious prosecution plaintiff must provide specific evidence of the extent of the damages suffered." (See *Sycamore Ridge Apartments, LLC. v. Naumann* (2007) 157 Cal.App.4th 1385, 1411-1412.) We note neither side, including respondents (who are represented by counsel), referenced this law.

14

" 'In analyzing the issue of probable cause in a malicious prosecution context, the trial court must consider both the factual circumstances established by the evidence and the legal theory upon which relief is sought. A litigant will lack probable cause for his [or her] action either if he [or she] relies upon facts which he [or she] has no reasonable cause to believe to be true, or if he [or she] seeks recovery upon a legal theory which is untenable under the facts known to him [or her].' [Citation.]

"In determining whether the prior action was legally tenable, i.e., whether the action was supported by probable cause, the court is to construe the allegations of the underlying complaint liberally, in a light most favorable to the malicious prosecution defendant." (*Kleveland v. Siegel & Wolensky, LLP*, *supra*, 215 Cal.App.4th at pp. 550-551.)

Here, the record shows that ICS filed its cross-complaint in the construction lawsuit *after* a dispute arose between the parties regarding the remodeling project and *after* Bernier sued Jessie *and* ICS. The record further shows that although there was a dispute between the parties regarding the existence of a written contract in connection with the remodeling project, there was no dispute, as the trial court found in its statement of decision following the bench trial, of the existence of an "arrangement" between them for that project.

We independently conclude Bernier has not satisfied her burden under step two of the anti-SLAPP statute of showing a probability of prevailing on her malicious prosecution cause of action because we conclude the cross-complaint of ICS in the construction lawsuit, when viewed in an objective manner, was legally tenable. (See

15

*Sheldon Appel Co. v. Albert & Oliker*, *supra*, 47 Cal.3d at p. 878 [noting an action is without probable cause "if it was not legally tenable when viewed in an objective manner as of the time the action was initiated or while it was being prosecuted"].)  For this reason alone, we independently conclude the trial court properly granted respondents' anti-SLAPP motion and struck Bernier's malicious prosecution cause of action.

  b.  Malice

Assuming, for the sake of argument, that Bernier can establish a probability of prevailing on the lack of probable cause element of malicious prosecution, we nonetheless conclude she cannot meet her minimal burden to show a probability of prevailing on the malice element.  Malice focuses on the defendant's subjective intent in initiating the prior action, and is generally an issue to be determined by a jury.  (*Sheldon Appel Co. v. Albert & Oliker*, *supra*, 47 Cal.3d at p. 874; *HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 218.)  To establish malice, Bernier was required to show by a preponderance of the evidence that the respondents brought their cross-complaint in the construction lawsuit based on hostility or ill will or for another improper purpose.  (See *Ross v. Kish* (2006) 145 Cal.App.4th 188, 204; *Padres L.P. v. Henderson* (2003) 114 Cal.App.4th 495, 522.)

"Malice is usually proved by circumstantial evidence.  [Citation.]  Although a lack of probable cause, standing alone, does not support an inference of malice, malice may still be inferred when a party knowingly brings an action without probable cause." (*Padres L.P. v. Henderson*, *supra*, 114 Cal.App.4th at p. 522.)  Whether malice exists

16

presents a factual question and its proof may be inferred from all the circumstances of the case. (*Sheldon Appel Co.*, *supra*, 47 Cal.3d at p. 874.)

Here, we independently conclude Bernier has not proffered sufficient evidence for purposes of the anti-SLAPP statute from which a reasonable person could infer an improper motive by ICS and/or respondents in filing and prosecuting the cross-complaint in the construction lawsuit after a bona fide dispute arose between the parties regarding the remodeling project and after Bernier had sued the respondents as a result of that dispute.

That Bernier contends the dispute over the remodeling project, and the subsequent filing by ICS of the cross-complaint in the construction lawsuit, resulted from Jessie's alleged desire for "revenge" against her after being "thrown out of his mother's home in the mid 1980's with police assistance" does not change our conclusion on this issue. Evidence of an incident that occurred more than 20 years before ICS filed its cross-complaint in the construction lawsuit in our view does not support a prima facie showing of ill will or hostility under the circumstances of this case with respect to the filing of that pleading, which as noted, came about after Bernier sued respondents in connection with the remodeling project. (See *Ross v. Kish*, *supra*, 145 Cal.App.4th at p. 204.)

Thus, for this separate and independent reason we independently conclude Bernier has not shown a probability of prevailing on her malicious prosecution cause of action as required under the anti-SLAPP statute.

17

2. *Elder Abuse*

To establish a likelihood of prevailing on the merits of her financial elder abuse cause of action, Bernier was required to proffer admissible evidence to make a prima facie showing of one or more of the elements of Welfare and Institutions Code section 15610.30, which provides in part:

"(a) 'Financial abuse' of an elder or dependent adult occurs when a person or entity does any of the following: [¶] (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both. [¶] (2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both. [¶] (3) Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by undue influence, as defined in Section 15610.70.

"(b) A person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult."

Here, excluding the "new" evidence proffered by Bernier that we cannot consider, her elder abuse cause of action as noted is premised on the allegedly false and/or forged documents created by respondents in connection with the construction lawsuit.  As we previously noted, the record shows the trial court in the construction lawsuit already

18

passed on the issue of whether respondents falsified and/or forged various documents in connection with the remodeling project, as Bernier alleged in that litigation. It found that both Jessie *and* Bernier lacked credibility and were not to be believed and that the "stories told by Ms. Bernier and Mr. [Jessie] Croteau were both false" regarding the true arrangement of the remodeling work.

In light of these findings, we conclude Bernier cannot show a probability of prevailing on her elder abuse cause of action based on the allegations in her cross-complaint that respondents allegedly took or appropriated money from her during the remodeling project by allegedly falsifying and/or forging various construction-related documents in connection with that project.[4]

---

[4] In light of our decision, we need not decide whether the litigation privilege (Civ. Code, § 47, subd. (b)) applies and thus prevents Bernier from establishing a probability of success on her elder abuse cause of action. (See *Silberg v. Anderson* (1990) 50 Cal.3d 205, 212 [noting this privilege generally "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action."]) We note that respondents in any event asserted the privilege in their demurrer to the cross-complaint, but for whatever reason they did not contend the privilege applied to prevent Bernier from satisfying her burden under the anti-SLAPP motion.

19

## DISPOSITION

The trial court's order granting respondents' special motion to strike Bernier's malicious prosecution and elder abuse causes of action is affirmed.  Respondents to recover their costs of appeal.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

McINTYRE, J.