Filed 1/13/15  Chapman v. City of Palmdale CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WAYNE CHAPMAN et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>CITY OF PALMDALE et al.,<br><br>Defendants and Respondents. | B251913<br>(c/w B254125)<br><br>(Los Angeles County<br>Super. Ct. No. BC502011) |

APPEAL from orders of the Superior Court of Los Angeles County.  Mark V. Mooney, Judge.  Affirmed.

Geoffrey M. Faust for Plaintiffs and Appellants.

Dapeer, Rosenblit & Litvak and William Litvak for Defendants and Respondents.

_____

Plaintiffs and appellants Wayne and Cheryl Chapman challenge a trial court order granting defendants and respondents City of Palmdale, Richard Kite, Susan Koleda, and Stacey Earley's special motion to strike their complaint pursuant to Code of Civil Procedure section 425.16,[1] California's anti-SLAPP[2] statute. They also object to the trial court's order awarding defendants attorney fees.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Factual Background*

Wayne Chapman owns certain real property in Palmdale. On or about March 28, 2011, after conducting an inspection of the property, City Code Enforcement Officer Stacey Earley issued a notice of violation. Thereafter, on or about April 11, 2011, Officer Earley returned to the subject property to conduct a follow-up inspection and issued an administrative citation for the continuing violations at the property. A third citation was issued on April 19, 2011.

On May 9, 2011, Officer Earley submitted an affidavit, and a judge issued an abatement warrant, authorizing Officer Earley to clean up the property.

The abatement order was executed on May 10, 2011.

*Complaint*

On February 28, 2013, plaintiffs filed a complaint against defendants, alleging excessive force, conspiracy to violate civil rights, denial of equal protection, violation of Civil Code section 52.1, conversion, and intentional infliction of emotional distress. According to the complaint, Officer Earley "filed and submitted an abatement order to the court comprising of extremely false and deceptive allegations for the sole purpose of

---

[1]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]    SLAPP is an acronym for strategic lawsuit against public participation. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 813, overruled in part on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5 (*Equilon*).)

2

depriving [p]laintiffs of their property and thus violating their Constitutional rights."

"The issuance of the false and deceptive Summary Abatement Order then led to [d]efendants . . . improperly storming onto the [subject] property." And, "once armed with the improperly obtained order," defendants wrongfully destroyed plaintiffs' personal property, improperly seized plaintiffs' personal property, held a gun to Mrs. Chapman's stomach, and held Mr. Chapman and his four-year-old child at gun point.

*Defendants' Anti-SLAPP Motion*

Defendants responded to the complaint with an anti-SLAPP motion. They argued, inter alia, that the gravamen of plaintiffs' complaint fell squarely within defendants' constitutionally guaranteed right to petition. Each cause of action was allegedly based upon defendants' exercise of the right to petition, namely the pursuit of an abatement warrant.

*Plaintiffs' Opposition*

Plaintiffs asserted that their complaint did not arise from protected activity. Therefore, it was unnecessary for them to address the second prong of the analysis. But, even if defendants had satisfied the first prong of the analysis, "[s]ubstantial evidence by way of witness testimony, photographic evidence and documentary evidence exists which conclusively establishes that defendants . . . acted without any legitimate, legal basis when they stormed [plaintiffs'] private residence, [held] them and their 4 year old child at gun point," "destroying" and "stealing" plaintiffs' personal property. "Should the Court find the illegal activities of defendant[s] do fall within the anti-SLAPP protection, then plaintiff[s] can, and will, prove with clear and convincing evidence that the actions of defendants, and each of them, were malicious, deliberate, illegal and improper and that liability clearly falls on the shoulders of the defendants."

*Trial Court Order*

After taking the matter under submission, the trial court granted defendants' anti-SLAPP motion. Addressing the first prong of the analysis (whether the challenged claims arise out of acts done in furtherance of the defendants' exercise of a right to petition or free speech), the trial court found: "Plaintiffs argue that the illegal actions of

3

defendants in executing the abatement warrant form the gravamen of their complaint and therefore do not constitute protected activity. The allegations of plaintiffs' complaint belie this contention. The principle thrust of plaintiffs' complaint arises from the petitioning activity of the city in obtaining the abatement warrant." In support, the trial court went on to cite eight specific allegations of the complaint, some of which were incorporated by reference into each cause of action. Bolstering the trial court's determination was plaintiffs' administrative claim, a copy of which was attached to their complaint. That administrative claim alleged that defendants were negligent in securing a warrant and abatement order. The trial court concluded that plaintiffs' complaint, and each and every cause of action contained therein, was "premised upon the city having obtained a 'false and deceptive' abatement order. The act of seeking administrative action is clearly included in the right to petition." Thus, the trial court found that the defendants met their burden on the first prong of the anti-SLAPP statute analysis.

Turning to the second prong, the trial court noted that the burden shifted to plaintiffs to demonstrate the probability of prevailing on their claims. Having submitted "no admissible evidence," they did not meet their burden.

The trial court granted the anti-SLAPP motion and dismissed plaintiffs' complaint. After supplemental briefing, the trial court awarded defendants $10,800 in attorney fees.

*Appeal*

This timely appeal ensued.

**DISCUSSION**

*I. Standard of review*

"We review the trial court's rulings on a SLAPP motion independently under a de novo standard of review. [Citation.]" (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 929.)

*II. The anti-SLAPP statute*

Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection

4

with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." The statute "posits . . . a two-step process for determining whether an action is a SLAPP." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.) First, the defendant bringing the special motion to strike must make a prima facie showing that the anti-SLAPP statute applies to the claims that are the subject of the motion. (*Wilcox v. Superior Court*, *supra*, 27 Cal.App.4th at p. 819.) Once a moving defendant has met its burden, the motion will be granted (and the claims stricken) unless the court determines that the plaintiff has established a probability of prevailing on the claim. (*DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 567–568.)

In order to establish a probability of prevailing, a plaintiff must *substantiate* each element of the alleged cause of action through competent, admissible evidence. (*DuPont Merck Pharmaceutical Co. v. Superior Court*, *supra*, 78 Cal.App.4th at p. 568; see also *Navellier v. Sletten*, *supra*, 29 Cal.4th at pp. 88–89 [reiterating that "'the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited"'"].) "This requirement has been interpreted to mean that (1) when the trial court examines the plaintiff's affidavits filed in support of the plaintiff's *second step* burden, the court must consider whether the plaintiff has presented sufficient evidence to establish a prima facie case on his causes of action, and (2) when the trial court considers the defendant's opposing affidavits, the court cannot weigh them against the plaintiff's affidavits, but must only decide whether the defendant's affidavits, as a matter of law, defeat the plaintiff's supporting evidence." (*Schroeder v. Irvine City Council* (2002) 97 Cal.App.4th 174, 184.) Only if he fails to meet this burden, was the motion properly granted. (*Mattel, Inc. v. Luce, Forward, Hamilton & Scripps* (2002) 99 Cal.App.4th 1179, 1188–1189.)

5

*III.  The trial court properly granted defendants' anti-SLAPP motion*

  A.  <u>Protected activity</u>

  We first turn to the question of whether plaintiffs' claims qualify for treatment under section 425.16.

  Section 425.16, subdivision (e), provides:  "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes:  (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

   "Subdivision (e) of [section 425.16] includes four separate categories of acts which qualify for treatment under the section. . . .  Category four provides a catch-all for 'any other *conduct* in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.' (Italics added.)"  (*Lieberman v. KCOP Television, Inc.* (2003) 110 Cal.App.4th 156, 164.)

  In determining whether a cause of action falls within section 425.16, subdivision (e), we must "focus on 'the substance of' the lawsuit to determine whether it [arises] from [defendants'] protected activities.  [Citation.]  Thus, it is the principal thrust or gravamen of [plaintiffs'] cause[s] of action that determines whether the anti-SLAP[P] statute applies.  [Citation.]"  (*Scott v. Metabolife Internat., Inc.* (2004) 115 Cal.App.4th 404, 413–414 (*Scott*); see also *Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1232 ["The statute's definitional focus is not on the form of the plaintiff's cause of action but rather the defendant's activity giving rise to

6

his or her asserted liability and whether that activity constitutes protected speech or petitioning"]; *Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 630.) "'[T]he critical point is whether [plaintiffs'] cause of action itself was *based on* an act in furtherance of [defendants'] right of petition or free speech. [Citations.]' [Citation.]" (*Scott*, *supra,* at p. 414; see also *Paul for Council v. Hanyecz* (2001) 85 Cal.App.4th 1356, 1365 ["the defendant must present a prima facie showing that the plaintiff's causes of action arise from acts of the defendant taken to further the defendant's rights of free speech or petition in connection with a public issue"], disapproved on other grounds in *Equilon, supra,* 29 Cal.4th at p. 68, fn. 5.)

Plaintiffs' lawsuit rests solely on defendants' alleged activities in connection with obtaining and executing an abatement warrant. Those activities were an exercise of defendants' right of free speech and petition, squarely within the scope of section 425.16, subdivision (e).

In urging us to reverse, plaintiffs cite two federal cases (11th Cir. & 1st Cir.) and contend that defendants have no First Amendment rights; moreover, the individual defendants were not exercising any First Amendment right by doing their jobs as government agents. But, as plaintiffs admit later in their appellate brief, section 425.16 can apply to government speech. (*Bradbury v. Superior Court* (1996) 49 Cal.App.4th 1108, 1113–1115 [holding that a governmental entity and its representatives may move to dismiss under section 425.16].)

To the extent plaintiffs suggest that the anti-SLAPP statute does not apply because the complained of activity was illegal, we are not convinced. Defendants here do not admit that they engaged in any illegal activity. (*Paul for Council v. Hanyecz*, *supra*, 85 Cal.App.4th at p. 1367; *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1246 [if the defendant concedes that the conduct complained of was illegal, the defendant will be unable to make a prima facie showing that the action arises from protected activity within the meaning of section 425.16].) And, the evidence does not conclusively establish that the assertedly protected activity was illegal as a matter of law. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 320.)

7

Plaintiffs also claim that any allegations that arguably pertain to protected activity are only "incidental" to the gravamen of their claim, which is defendants' alleged use of excessive force. According to plaintiffs, the anti-SLAPP statute does not apply. While it is true that "'a cause of action will be subject to section 425.16 unless the protected conduct is "merely incidental" to the unprotected conduct,'" that is not what is alleged here. (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 672–673.) As set forth in plaintiffs' complaint, the principal thrust behind each cause of action was defendants' conduct in obtaining the abatement warrant.

Finally, plaintiffs assert that because the City of Palmdale's activity does not constitute an issue of public interest, the anti-SLAPP statute does not apply. Plaintiffs misinterpret the statute. Defendants are entitled to protection under section 425.16, subdivision (e)(1). As set forth above, under the plain language of this subdivision, there is no requirement of a public interest. (See also *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1117; *Schaffer v. City and County of San Francisco* (2008) 168 Cal.App.4th 992, 997.)

B. <u>Plaintiffs did not demonstrate a probability of prevailing</u>

Having concluded that plaintiffs' claims fall within the ambit of section 425.16, we next consider whether plaintiffs demonstrated a probability of prevailing on their claims. They did not. As noted by the trial court, plaintiffs "submitted no admissible evidence to meet this burden."

On appeal, plaintiffs argue that even though they submitted no evidence in support of their opposition to defendants' anti-SLAPP motion, Mrs. Chapman's "City of Palmdale Claim Form," of which we can take judicial notice, shows that plaintiffs are likely to prevail on each cause of action. We disagree. Plaintiffs have not established that the statements she made in her claim form constitute admissible evidence. While the document indicates that it is a criminal offense to file a false claim, pursuant to Penal Code section 72, her claim form does not meet the evidentiary standards for admissible evidence. (See § 2015.5.)

8

C.  Attorney fees

Finally, plaintiffs argue that the trial court erred in awarding $10,800 in "mandatory" attorney fees to defendants.  Plaintiffs are mistaken.  Pursuant to section 425.16, subdivision (c), defendants, as the prevailing parties, were entitled to recover their attorney fees and costs.  (See also *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211, 215 [award of attorney fees to a defendant who successfully brings an anti-SLAPP motion is not discretionary but mandatory].)  In light of defendants' request for over $65,000 in attorney fees and the evidence presented, we conclude that the trial court properly awarded $10,800 to defendants.

### DISPOSITION

The orders granting the anti-SLAPP motion and awarding attorney fees to defendants are affirmed.  Defendants are entitled to attorney fees and costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
         ASHMANN-GERST


We concur:


_____, J.
      CHAVEZ


_____, J.
      HOFFSTADT


9